Opinion of the Court.—Quarles, C. J.

(November 21, 1901.)

## In re LEVY.

[66 Pac. 806.]

Habeas Corpus—Criminal Examination—Commitment—Discretion of Committing Magistrate.—An application for a writ of *habeas corpus*, upon the grounds that the petitioner has been "committed on a criminal charge without reasonable or probable cause," and is restrained of his liberty under such commitment, should be denied where it is not shown that the committing magistrate has abused the discretion which the law vests in him, the depositions taken at the examination showing that a crime has been committed and that it is reasonably probable that the petitioner committed such crime.

(Syllabus by the court.)

An original proceeding for writ of *habeas corpus*.

A. A. Fraser, for Petitioner, files no brief.

QUARLES, C. J.—The petitioner applies to this court for a writ of *habeas corpus*. In the petition it is shown that the application is made to this court in the first instance for the reason that the judge of the third judicial district is absent from this, the county of Ada—the county where the petitioner alleges that he is unlawfully restrained of his liberty—and that the said district judge will be absent from said county for an indefinite period. It appears from the petition that the petitioner was arrested, upon a warrant that issued out of the probate court in and for Ada county, upon a criminal complaint charging him with the crime of murder committed in Ada county upon the person of one Davis Levy; that he had a preliminary examination before the probate judge, who as committing magistrate, made an order holding the petitioner to answer to the district court in and for said county upon said charge. This application is based upon the ground provided in subsection 7, of section 8354, of the Revised Statutes, which subsection is in words, as follows: "Where a party has been committed on a criminal charge without reasonable or

probable cause." This statute authorizes the issuance of the writ, and discharge of the prisoner thereunder, when the commitment is "without reasonable or probable cause," notwithstanding that the proceedings and commitment may be regular upon their face. Annexed to the petition as a part thereof is a transcript of all of the depositions taken at the examination. We have carefully examined all of the depositions, and, under the showing therein made, we are not authorized to hold that the defendant was committed, "without reasonable or probable cause." There is no question but what a crime was committed. The probability of the petitioner being guilty thereof, sufficiently appears in the depositions to warrant the committing magistrate to hold the petitioner to answer the said charge. The law very properly vests in the committing magistrate a discretion in criminal examinations, and this discretion should not be disturbed except in a case of clear abuse thereof. No such abuse of that discretion is shown here as will warrant this court in granting the discharge of the petitioner, for which reason the application for the writ should be denied. Under section 8343 of the Revised Statutes the writ should not issue unless it appear from the petition that the writ ought to issue.

For the foregoing reasons, the writ demanded is denied.

Sullivan and Stockslager, JJ., concur.