(February 28, 1905.)

# IN RE JOHN KNUDTSON.

[79 Pac. 641.]

PRELIMINARY EXAMINATION—HOLDING PRISONER WITHOUT REASONABLE OR PROBABLE CAUSE CANNOT BE INQUIRED INTO ON HABEAS CORPUS AFTER CONVICTION—REVERSIBLE ON APPEAL.

1. Where a prisoner has been convicted in a court of competent criminal jurisdiction, and by such court committed to the state penitentiary, it is too late for the prisoner, on application for discharge on *habeas corpus*, to raise the question that the evidence produced against him at the preliminary examination did not show the commission by him of any offense, and that he was committed without reasonable or probable cause.

2. The supreme court is a court of original jurisdiction on applications for *habeas corpus*, and in the exercise of that jurisdiction cannot review as upon appeal questions which were properly presentable to the trial court upon arraignment or subsequent thereto.

3. Under our system of prosecutions upon information, a prosecuting attorney has no right to file an information against anyone where the depositions taken at the preliminary examination fail to disclose any reasonable or probable cause for believing the defendant guilty of an offense, unless the defendant has waived examination.

(Syllabus by the court.)

APPLICATION for and on behalf of John Knudtson for a writ of *habeas corpus*. Hearing had after notice. Application denied and prisoner remanded.

S. S. Denning, for Petitioner.

It was wrong to have bound the petitioner over without any evidence whatever; this wrong cannot be cured even by a verdict of "guilty." As to this matter, let us examine some of the authorities in the states of Idaho and California. Upon the hearing of the argument of this petition, it was suggested from the bench that perhaps the proper remedy would have been a motion to quash the information, and the case of *State v. Braithwaite* was called to the counsel's attention; since then we

have examined that case and some others. In *State v. Braith-waite,* 3 Idaho, 119, 27 Pac. 731, it was there held that a warrant had been issued, but there was nothing before the district court to show that there had been a criminal complaint or that any deposition had been taken in the case, and this court held that on a motion to quash, the defendant might set up those matters in bar of the jurisdiction, and the court held that a party could not be informed against unless he had first been bound over before a justice of the peace, charged by a warrant and held upon sufficient evidence. (*Kallock v. Superior Court,* 56 Cal. 229.) In *State v. Schieler,* 4 Idaho, 120, 37 Pac. 272, the question was indirectly raised as to how far a party could be informed against on the evidence produced before the coroner's jury as that evidence had been used before a grand jury, but the court swept the objection to one side by showing that there had been independent evidence before the grand jury to warrant the finding of the bill. (*State v. McGann,* 8 Idaho, 40, 66 Pac. 823; *State v. Clark,* 4 Idaho, 7, 35 Pac. 710; *State v. Faris,* 5 Idaho, 666, 51 Pac. 772; *Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119.) In none of all of the cases which have come under our observation has there been an attempt made by a motion to quash the information to raise the question of the sufficiency of the evidence upon which the party has been held as being without reasonable or probable cause, except *Ex parte Sternes,* 82 Cal. 245, 23 Pac. 38; *In re Levy,* 8 Idaho, 53, 66 Pac. 806. We further present to this court the proposition that this, the right to sue out a writ of *habeas corpus* upon the insufficiency of the evidence or the want of probable cause, is a new right created by statute, and a remedy in support of the same; such being the case, the right and the remedy are exclusive, and the statutory remedy must be pursued to the exclusion of all others. (*Reed v. Omnibus R. R. Co.,* 33 Cal. 212.)

J. J. Guheen, Attorney General, and W. E. Stillinger, for the State.

We call the court's attention to the fact that this writ is not to be issued as "of course," and whether or not there exists sufficient cause for its issuance is a matter for the sound legal

discretion of the court. Accordingly, where no *prima facie* case is made out in the petition, the writ will be denied. The court should, therefore, before issuing the writ, examine into the petition; and if it does not appear that there is sufficient cause for issuing the writ, or if it appears that after the matter is heard the prisoner must be remanded, the court should deny the application. (9 Ency. of Pl. & Pr. 1023.) While there may be some diversity in the books relative to the scope of the inquiry in *habeas corpus* proceedings, we submit that the rule is well settled, regardless of statutory provisions, that where a prisoner is in custody under sentence of conviction, the inquiry on the writ must be limited to the jurisdiction of the court in which the prisoner was convicted, and the validity of the sentence on its face; but no inquiry can be had into the sufficiency of the evidence to support the conviction. (15 Am. & Eng. Ency. of Law, 201, 202; *Ex parte Long,* 114 Cal. 159, 45 Pac. 1057.) This court is precluded from any inquiry into reasonable or probable cause, as provided in subdivision 7 of section 5754 of Penal Code of 1901, for the reason that it appears that he is confined by virtue of a final judgment of a competent court of criminal jurisdiction. (Pen. Code 1901, sec. 5743, subd. 2; *In re McCutcheon,* 10 Mont. 115, 25 Pac. 97.) It is sufficient to authorize holding the accused, if it be shown that probable cause exists to believe that he committed the crime charged, and the sufficiency of the facts from which this may be deduced is for the determination of the magistrate alone. (12 Cyc. 311.)

AILSHIE, J.—The petitioner in this case having been convicted of the crime of arson, and now being held in custody by the warden of the state penitentiary under a commitment from the district court in and for Latah county, now seeks his discharge upon a writ of *habeas corpus,* alleging as grounds therefor that the evidence produced against him at the preliminary examination prior to the filing of an information fails to disclose any crime or public offense committed by him, and that he was held upon such examination without reasonable or probable cause. It appears that an examination of the charge against the defendant was brought on before a justice of the peace in and for Latah county, on the twentieth day of ·Decem-

ber, 1904, and that on the following day the examination was closed and the defendant was bound over to the district court by the justice upon the charge of arson. On the same day, December 20th, the petitioner sued out a writ of habeas corpus before the district judge of the second judicial district, and on the twenty-fourth day of the same month the prisoner was produced in court, and the application was heard and considered by the district judge, and the prisoner was thereupon remanded. On the twenty-first day of December, and subsequent to the suing out of the writ, but prior to the hearing thereof, the prosecuting attorney for Latah county filed in the district court his information predicated upon the prior preliminary examination, and charging the defendant with the crime of arson. The case went to trial in the district court on the thirty-first day of December, and on the fourth day of January following, the jury returned a verdict against the defendant of "guilty of arson in the second degree." The petitioner insists that the evidence taken at the preliminary examination failed to show the commission of any crime whatever by him, and failed to connect him in any way with the commission of an offense, and that he was therefore committed without reasonable or probable cause. The warden of the state penitentiary has made a return to the writ heretofore issued, from which it appears that he holds the petitioner by virtue of and under a judgment and commitment in due form and regular upon its face, from the district court of Latah county, and it is contended by counsel for the state that in this proceeding the court cannot go behind the judgment to examine the regularity of the proceedings had against the petitioner. Section 8353, Revised Statutes, prescribes the duty of the court or judge upon such a hearing as follows: "The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody: . . . . . 2. By virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree." It appears to us that under the foregoing statutory provisions, we are without authority to examine the evidence taken upon the preliminary examination for the purpose of determining whether or not it discloses any offense as

having been committed by the petitioner. There is no question in this case but what the district court is a court of competent jurisdiction for the trial of the offense charged, nor is there any question as to the venue; consequently there is no occasion for examining the record for the purpose of ascertaining those facts.

At the time of writing the opinion in *Re McCutcheon,* 25 Pac. 97, the state of Montana appears to have had a statute substantially the same as section 8353 of our Revised Statutes, and in that case the court, passing upon a very similar question to the one under consideration, said: "In a case like the one at bar, wherein the court had plenary jurisdiction to try the charge and enter judgment, we cannot, on *habeas corpus,* review and pass upon the legality or illegality of the proceedings at the trial, because the statute limits and confines our inquiry to the question as to whether the judgment is rendered, and the writ by virtue thereof is issued, by a court of competent criminal jurisdiction."

In 15 American and English Encyclopedia of Law, second edition, 201, the author says: "Where a prisoner in custody under a sentence of conviction seeks to be discharged on *habeas corpus,* it is well settled as a general rule that the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction in the premises, and the validity of the sentence or process on its face; but no inquiry can be had into the sufficiency of the evidence to support the conviction, or into any question which it was the province of the trial court to determine, because it is not the province of the writ to retry issues of fact or to review the rulings of the trial court."

In *Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119, the court had under consideration an application for a writ of *habeas corpus* where the petitioner alleged that prior to conviction he never had a preliminary examination as required by law. The syllabus to that case is as follows: "A prisoner convicted upon an information of a felony cannot raise the objection in a proceeding upon *habeas corpus* that he was not examined or held to answer by a magistrate prior to the filing of the information.

Such objection should have been taken before trial, by motion to set aside the information."

In *Ex parte Stearns,* 82 Cal. 245, 23 Pac. 38, an application was made for writ of *habeas corpus* upon the grounds that the petitioner had been held by a committing magistrate after an examination had, without probable cause. The application in that case was made in the supreme court prior to the filing of an information by the public prosecutor, but the case was heard subsequent to the filing of the information, and the court held that notwithstanding an information had been filed in the meanwhile, under the provisions of subdivision 7, section 1487 of the California Penal Code, it became the duty of the court to examine the depositions and determine for themselves whether or not probable cause existed, and after such examination they found in favor of the prisoner's contention and ordered him discharged. Subdivision 7 of section 8354 of our Revised Statutes is identical with subdivision 7, section 1487, of the California Penal Code. By our statute, *supra,* it is provided: "If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restrictions of the last section: . . . . 7. Where a party has been committed on a criminal charge without reasonable or probable cause." In the case at bar, however, the application was not made in this court until after a conviction was had in the lower court.

If no evidence was produced against the petitioner at the preliminary examination, and he was held without probable cause, it was clearly the duty of the court under the foregoing statute to discharge the prisoner on *habeas corpus.*

The same objection is certainly available to a prisoner upon arraignment after the filing of an information by the prosecutor. It is elementary law, under our modern system of prosecution by information, that a prisoner has no right to file an information against anyone where the depositions taken at the preliminary examination (unless examination was waived) fail to disclose any reasonable or probable cause for believing the defendant guilty of an offense. His informa-

tion must charge an offense shown by the depositions, and if they fail to disclose any offense against the prisoner the prosecutor can charge no offense by his information. If a defendant in such case does not avail himself of the benefits of *habeas corpus* prior to his arraignment and trial, then he is certainly entitled to interpose the objection to the information, and of course has the right of appeal for the correction of any error committed by the trial court in passing upon the matter.

This is a court of original jurisdiction in matters of *habeas corpus,* and upon such application it cannot exercise the jurisdiction of an appellate court or for such purpose convert itself into an appellate court for the examination of questions reviewable upon appeal. (*Ex parte Long,* 114 Cal. 159, 45 Pac. 1057.) The method of presenting irregularities in the holding of preliminary examinations, or a total failure thereof, has been in a measure sanctioned by this court in *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731; *State v. Clark,* 4 Idaho, 7, 35 Pac. 710; *State v. Faris,* 5 Idaho, 666, 51 Pac. 772; *State v. McGunn,* 8 Idaho, 40, 66 Pac. 823. See, also, *Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119.

For the foregoing reasons the writ will be quashed and the prisoner remanded to the custody of the warden of the penitentiary.

Stockslager, C. J., and Sullivan, J., concur.