Points Decided.

(August 10, 1923.)

## STATE, Respondent, v. WILLIAM FOELL, Appellant.

[217 Pac. 608.]

CRIMINAL LAW — INTOXICATING LIQUOR — MOTION TO QUASH AND SET ASIDE INFORMATION—ERROR—INSTRUCTIONS—EXHIBITS—CONDUCT OF TRIAL—CONDUCT OF JURY.

1. Upon a motion to quash and set aside an information, the district court is not authorized to review the decision of the committing magistrate as to the question of the sufficiency or competency of the evidence taken in a preliminary examination.

2. Reversible error cannot be predicated upon a refusal of the trial court to give an advisory instruction to acquit.

3. It is not error to permit officers to bring into the courtroom, during the trial of accused for having intoxicating liquor in his possession, all vessels containing liquids believed to be intoxicating, secured by a search of accused's premises. But no article should be brought into the courtroom, under such circumstances, which cannot be expected to be admitted over objection.

4. The law permits the jury to take the exhibits in the cause to the jury-room and refer to them in the consideration of their verdict.

5. The purpose of sending exhibits to the jury-room is to enable the jury to examine them and to make such simple tests of the exhibits as may be proper.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Defendant was convicted of having intoxicating liquor in his possession. *Affirmed.*

Publisher's Note.

3. Admissibility against defendant of documents or articles taken from him, see notes in 59 L. R. A. 467; 8 L. R. A., N. S., 762; 34 L. R. A., N. S., 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

4. Right of jury to take articles introduced in evidence to jury-room, see note in Ann. Cas. 1915B, 742.

5. Right of jury to experiment with articles introduced in evidence, see note in Ann. Cas. 1915B, 744.

Miller & Ricks, for Appellant.

Inasmuch as instructions given on the court's own motion now constitute a part of the record, the same rule of reasoning should apply as is applied to instructions given at the state's request or refused on defendant's request, and any other reasoning would be unjust in principle and unsound.

In the instant case the instructions were before the court for review, and urged as prejudicial, but the motion for new trial was denied and an exception to the ruling of the court taken. (C. S., sec. 9040; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

Reversible error cannot be predicated upon a refusal to give an instruction for a directed verdict. (*State v. Sullivan,* 34 Ida. 68, 199 Pac. 647, 17 A. L. R. 902.)

The jury may take with them into the jury-room an exhibit offered in evidence. (C. S., sec. 8978.)

It is within the discretion of the trial court to allow the jury to take exhibits offered in evidence with them during deliberation. (*State v. Grigg,* 25 Ida. 405, 137 Pac. 371, 138 Pac. 506; *State v. Burcham,* 109 Wash. 625, 187 Pac. 352.)

It is not error for the jury to decide by sampling or experimenting with liquor offered and admitted in evidence to determine whether it is whiskey. (*State v. Simmons,* 183 N. C. 684, 110 S. E. 591; *State v. Burcham, supra.*)

An instruction given by the court on its own motion must be excepted to, and in order to be reviewed must be excepted to and preserved by bill of exceptions, or excepted to and incorporated in the reporter's transcript of the proceedings at the trial. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Ray,* 32 Ida. 363, 182 Pac. 857.)

WM. E. LEE, J.—Appellant was tried and convicted upon an information charging him with having intoxicating liquor in his possession. This is an appeal from the judgment of conviction and from the order overruling a motion for a new trial.

From the record in this case, it appears that on the evening of August 24, 1921, the residence of appellant was searched by the sheriff, and a quantity of different liquors was obtained. Appellant was thereafter given a preliminary examination and was held to answer in the district court. Upon arraignment, appellant made and filed his motion to set aside and quash the information. This motion was denied by the court. Appellant was thereafter tried and convicted of the offense charged in the information.

The appeal raises three questions: The action of the court in denying the motion to set aside and quash the information; the action of the court in denying the motion for an advisory verdict; and the action of the court in denying the motion for a new trial.

The first error assigned by appellant is predicated upon the denial by the court of the motion to set aside and quash the information. Appellant contends that the search-warrant, upon the authority of which the search of the premises was made, was illegal; that the evidence obtained in the search should not have been admitted in the preliminary examination; and that, in the absence of such evidence, there was not sufficient, if any, evidence upon which the magistrate could lawfully hold appellant to answer in the district court. C. S., sec. 8863, provides the grounds for setting aside an indictment. Paragraph 1 thereof is the only provision of said section upon which such a motion could possibly be predicated. C. S., sec. 8863, excluding all but paragraph 1, is as follows:

"The indictment must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases:

"1. When it is not found, indorsed and presented as prescribed in this code. . . . . . "

C. S., sec. 8812, makes the provisions concerning an indictment applicable to an information.  Section 995 of the Penal Code of California contains a provision identical with paragraph 1, *supra,* of C. S., sec. 8863, and the supreme court of California has decided that a motion to set aside and quash an information will not lie to determine whether or not a grand jury has received incompetent evidence, and neither will it lie to determine the sufficiency of the evidence taken in a preliminary examination.  (*People v. Beach et al.,* 122 Cal. 37, 54 Pac. 369; *People v. Collins,* 60 Cal. App. 263, 212 Pac. 701; *People v. Sacramento Butchers' Protective Assn. et al.,* 12 Cal. App. 471, 107 Pac. 712; *People v. Creeks,* 170 Cal. 368, 149 Pac. 821; *Ex parte Williams,* 52 Cal. App. 566, 199 Pac. 347; *People v. Hatch,* 13 Cal. App. 521, 109 Pac. 1097.)  Admitting, for the purpose of determining the question presented upon the motion to set aside and quash the information, that appellant's contentions are sustained by the record, we are of the opinion that the trial court did not err in denying the motion to set aside and quash the information.  On such a motion, the district court is not authorized by C. S., sec. 8863, to review the decision of the committing magistrate as to the question of the sufficiency or competency of the evidence taken in the preliminary examination upon which the accused is held to answer in the district court.

The second point made by appellant is that the court erred in denying his motion for an advisory verdict, the contention of appellant being that, the evidence admitted having been obtained as the result of an illegal search, the court should have advised the jury to acquit the appellant.  The point is not well taken.  In refusing to give an instruction for an advisory verdict, the court does not commit reversible error.  (*State v. Sullivan et al.,* 34 Ida. 68, 199 Pac. 647, 17 A. L. R. 902.)

Under the third assignment of error, appellant contends that he was prejudiced by the action of the prosecuting attorney and the sheriff in causing to be brought into the courtroom, during the trial of the cause, certain barrels,

jugs and containers seized by the sheriff at the time of the search of appellant's premises. Certain of the articles were not admitted in evidence, and appellant claims that he was not able on this account to testify as to the character of such articles. The record does not show that appellant made any effort to explain the contents of the containers that were not admitted in evidence, and, had he not made his objections to the admission of the different articles in evidence, he could, without doubt, have shown what they were. Neither the court nor counsel can be certain, in advance, what may be admitted in evidence. However, officers should bring into a courtroom, during the trial of a criminal case, only such things connected with the cause as they believe will be admitted in evidence. This matter was brought to the attention of the trial court at the time and also in the motion for a new trial. The trial court was in a position to determine whether the jury was influenced by the action of the officers. He denied the motion for a new trial, and we cannot say that he erred.

Appellant contends that error resulted from the fact that the jury took with them to the jury-room an exhibit which was testified to be moonshine whiskey. In *State v. Crea*, 10 Ida. 88, 76 Pac. 1013, decided prior to the amendment of C. S., sec. 8978, the trial court permitted the jury, over the objection of defendant, to take with them to the jury-room certain exhibits consisting of "a hat, coat, vest, blood-stained undershirt and overshirt, a strap, piece of a broken Tom and Jerry mug, revolver, and the defendant's discharge from the army." In discussing the error complained of this court, speaking through Mr. Chief Justice Sullivan, said:

"If the legislature, in passing section 7902 [now C. S., sec. 8978 as amended], had intended to permit the jury to take all kinds of exhibits with them to the jury-room when considering of their verdict, it would have been an easy matter to have clearly expressed such intentions. The language of said section clearly indicates that it was the intention to permit the jury to take with them all papers, except depositions, which had been received as evidence in the case,

and also copies of such public records or private documents as ought, in the opinion of the court, to be taken from the persons having them in possession. We are clearly of the opinion that any other exhibits received as evidence in the trial of the cause should not be sent to the jury-room, over the objection of the defendant; therefore the court erred in sending the exhibits above mentioned to the jury-room for their inspection by the jury."

It is clear from the language above quoted that the only reason for holding that error was committed in taking the exhibits above mentioned to the jury-room was that the statute did not then authorize the jury to take exhibits, other than papers and copies of public records received in evidence, to the jury-room. The statute has been amended since *State v. Crea, supra,* was decided, and now includes "all exhibits" among the things that the jury may take with them to the jury-room. C. S., sec. 8978, provides, among other things, that "upon retiring for deliberation, the jury may take with them *all exhibits* and all papers (except depositions) which have been received in evidence in the cause. . . . . " While we doubt the wisdom of taking to the jury-room an exhibit which is alleged to be an intoxicant, C. S., sec. 8978, permits it to be done. It follows that there is no merit in this contention.

Appellant also specifies certain misconduct of the jury in its deliberations. The purpose of taking exhibits to the jury-room is to enable the jury to examine them. The guilt or innocence of appellant was to be determined by the jury. This depended upon whether the exhibit was an intoxicating liquor, to wit, moonshine whiskey; and the members of the jury made their own tests to determine whether or not the exhibit was an intoxicating liquor. All such tests should be made in the presence of the court and the parties. However, the law-making department of this state has said that it is permissible for the jury to take such an exhibit to the jury-room, and this court is not going to say that the jury cannot examine and make ordinary tests of an exhibit which the law permits them to take with them for examination. We

cannot say, in this case, that any improper test of the exhibit is shown to have been made, or that appellant was prejudiced by such tests as were made. (*State v. Burcham,* 109 Wash. 625, 187 Pac. 352; *State v. Simmons,* 183 N. C. 684, 110 S. E. 591; *State v. Baker,* 67 Wash. 595, 122 Pac. 335.)

It is contended that the tests made by the jury convinced some of the jurors that the exhibit was "moonshine alcohol" instead of "moonshine whiskey," as alleged in the information. This would not be a fatal variance. (*State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.) Whatever some of the jurors may have, at any time during their deliberations, thought the exhibit actually was, the jury did find appellant guilty "as charged in the information."

It is contended that the court misdirected the jury in one of the instructions given by the court upon its own motion. The attorney general contends that no exception was saved by appellant to such instruction. We have carefully examined the record and find that no exception was taken or saved to the instruction. This court will, therefore, not review the instruction. (*State v. Ray,* 32 Ida. 363, 182 Pac. 857.)

This case has been ably argued and briefed and has been very carefully examined. We are satisfied that appellant had a fair trial, and, for the reasons herein set forth, the judgment is affirmed.

McCarthy, J., concurs.

Dunn and William A. Lee, JJ., concur in the result.