(No. 6410.   December 5, 1936.)

STATE, Plaintiff, v. EVERETT E. HUNT, District Judge, Defendant.

[62 Pac. (2d) 1372.]

Bert H. Miller, Attorney General, Ariel L. Crowley, Assistant Attorney General, and Samuel F. Swayne, Prosecuting Attorney for Clearwater County, for Plaintiff.

Edward T. Johnson and Paul W. Hyatt, for Defendant.

HOLDEN, J.—This is an original proceeding commenced in this court to review the action of the Honorable Everett

E. Hunt, Presiding Judge of the district court of the second judicial district of the state of Idaho, in quashing an information charging one John W. Snyder, and another, with the crime of grand larceny. It appears from the record that September 30, 1935, a criminal complaint was filed in the probate court of Clearwater county, charging Snyder, and another, with the crime of grand larceny, to wit, the theft of a Tree Climber Woodsaw of the alleged value of $90. On the same day, upon a preliminary examination, before the judge of said probate court, sitting as a committing magistrate, the defendants were held to answer said charge in the district court of said county. April 17, 1936, an information was filed in said district court charging the said Snyder, and another, with the commission of the said crime of grand larceny. On the same day, to wit, April 17, 1936, Snyder moved that the information be quashed as to him, upon the grounds that the said district court was without jurisdiction of his person, that the district court was without jurisdiction to hear said cause or to try him, and that the district court was without jurisdiction of the subject matter of the action, in (a) that the state had failed to prove, at the preliminary examination, that said personal property was of the value, or was in excess of the value of $60, and (b) that the evidence adduced at the preliminary examination failed to show there was reasonable or probable cause to believe that he, Snyder, committed the crime of grand larceny. July 11, 1936, an order was made, and July 21, the order so made was filed, quashing the said information as to the said John W. Snyder.

Section 19–1501, I. C. A., prescribes the grounds upon which an *indictment* may be quashed, as follows:

"1. When it is not found, indorsed and presented as prescribed in this code.

"2. When the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment, or indorsed thereon.

"3. When a person is permitted to be present during the session of the grand jury, and when the charge embraced in

the indictment is under consideration, except as provided in chapter 10 of this title.

"4. When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror."

Section 19–1204, I. C. A., provides that:

"The provisions of this code in relation to indictments, and all other provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials and punishments, or the execution of any sentence, and to all other proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent, as near as may be, apply to informations and all prosecutions and proceedings thereon."

The record, therefore, presents but one question for decision: Section 19–1501, *supra*, having *prescribed* the *grounds* upon which a motion to set aside an *indictment* may be made, and section 19–1204, *supra*, having made the provisions of section 19–1501, *supra*, applicable to *informations*, upon a motion to quash an information are all other grounds excluded?

In *People v. Butler*, 1 Ida. 231 (decided in 1869), this court passed upon the identical question presented here: In determining whether a motion to quash an indictment could be made upon any ground other than some ground, or grounds, prescribed by statute (then section 274 of the Criminal Practice Act, now section 19–1501, *supra*), this court applied the rule that *expressio unius est exclusio alterius*, and held that the statute having prescribed the grounds upon which a motion to set an indictment aside may be made, all other grounds were excluded, and that we must be governed by the statute in everything prescribing the manner, form and substance of indictment, and the procedure thereunder, throughout the entire course of a criminal investigation. This court has since followed *People v. Butler, supra*, in every case in which the question has been presented. A few cases are: *State v. Foell*, 37 Ida. 722, 217 Pac. 608, *State v. Arregui*, 44 Ida. 43, 254 Pac. 788, 52

A. L. R. 463, and *State v. Miller*, 52 Ida. 33, 10 Pac. (2d) 955.

Order quashing information is annulled, vacated and set aside, with directions to reinstate the information.

Givens, C. J., Budge and Ailshie, JJ., concur.

Morgan, J., deeming himself to be disqualified, did not sit with the court in this case nor participate in the decision.