406 P.2d 810

STATE of Idaho, Plaintiff-Appellant,

v.

Ruth M. BAUMAN and William S. Wood,
Defendants-Respondents.

No. 9524.

Supreme Court of Idaho.

Oct. 19, 1965.

Allan G. Shepard, Atty. Gen., Thomas G.
Nelson, Deputy Atty. Gen., Boise, Dean
Williams, Pros. Atty., Blackfoot, for appellant.

**520**

·No counsel on appeal for respondents.

SMITH, Justice.

This is an appeal from an order of the district court quashing and dismissing Count I of an information charging defendants with having feloniously uttered a fictitious check for the payment of money with intent to defraud.

The holder of the check duly made and filed a complaint in a Justice's Court in Bingham County, charging defendants with having feloniously uttered the check with intent to defraud. At the conclusion of a preliminary hearing had before Hon. Paul Crane, a justice of the peace, such magistrate ordered defendants held to answer the charge in the district court.

The Bingham County prosecuting attorney thereupon filed in the district court an information which, by Count I, charged defendants with having feloniously uttered the check for the payment of money, with intent to defraud.

Defendants, through counsel, then filed their motion to dismiss and quash Count I of the information. By such motion defendants attempted to assert the insufficiency of the evidence, adduced at the preliminary hearing, to show actual or presumed intent to defraud.

The district court granted the motion and entered an order dismissing Count I of the information, whereupon appellant perfected this appeal.

Appellant asserts error committed by the district court insofar as it ordered dismissal of Count I and quashed the information as to that count.

I.C. § 19–1601 provides the grounds for setting aside an indictment upon motion. Paragraph 1 thereof, being the only provision upon which defendants' motion could be predicated, reads:

> "The indictment must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases:
>
> "1. When it is not found, indorsed and presented as prescribed in this code.
>
> "* * *."

I.C. § 19–1304 makes the provision of the code concerning indictments applicable to informations.

■ A motion to set aside and quash an information will not lie to determine the sufficiency of the evidence taken in a preliminary hearing to sustain the order of the committing magistrate in holding a defendant to answer to the district court. State v. So, 71 Idaho 324, 231 P.2d 734 (1951); State v. Hunt, 57 Idaho 122, 62 P.2d 1372 (1936); State v. Miller, 52 Idaho 33, 10 P.2d 955 (1932); State v. Arregui, 44 Idaho 43, 254 P. 788, 52 A.L.R. 463 (1927).

The rule is stated in State v. Foell, 37 Idaho 722, at 725, 217 P. 608 (1923), as follows:

"* * * Admitting, for the purpose of determining the question presented upon a motion to set aside and quash the information, that appellant's contentions are sustained by the record [insufficiency of the evidence], we are of the opinion that the trial court did not err in denying the motion to set aside and quash the information. On such a motion, the district court is not authorized by C.S. § 8863 [now I.C. § 19–1601], to review the decision of the committing magistrate as to the question of the sufficiency or competency of the evidence taken in the preliminary examination upon which the accused is held to answer in the district court."

■ The correct procedure for determining whether the evidence wholly fails to disclose a public offense for which a prisoner may be held on preliminary examination, is by a writ of *habeas corpus*. Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R.2d 582 (1955); In re Heigho, 18 Idaho 566, 110 P. 1029, 32 L.R.A.,N.S., 877 (1910); In re Knudtson, 10 Idaho 676, 79 P. 641 (1905). In re Baugh, 30 Idaho 387, 164 P. 529 (1917), the Court stated:

"It is well established that, upon petition for a writ of *habeas corpus*, the court can go back of the order of commitment by a magistrate and inquire into the question of probable cause. Section 8354, Rev.Codes [now I.C. § 19–4215], referring to the writ of *habeas corpus*, provides: 'If it appears on a return of the writ that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restrictions of the last section: * * * 7. Where a party has been committed on a criminal charge without reasonable or probable cause.' [Citations]." 30 Idaho at 389, 164 P. at 530.

The order of the district court, insofar as it quashed and dismissed Count 1 of the information, is reversed and the cause is

remanded with instructions to reinstate Count 1.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.