452 P.2d 989

James O'NEILL, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 10198.

Supreme Court of Idaho.

April 8, 1969.

**886**

Henry F. Reed, Boise, for appellant.

Allan G. Shepard, Atty. Gen., Daniel A. Slavin, Deputy Atty. Gen., Boise, Herman E. Bedke, Pros. Atty., Burley, for respondent.

McFADDEN, Chief Justice.

On November 16, 1967 at approximately 3:45 a. m. three men robbed a hotel in Burley, Idaho, escaping with personal property and cash. The Burley police department radioed the Bannock County sheriff's office and requested that a roadblock be set up west of Pocatello. Witnesses described the robbers as three men, one older than the other two, with the oldest man dressed in khaki trousers. There was no description given of any automobile. Acting upon this information the Bannock County sheriff's office at approximately 5:00 a. m. dispatched three police cars to set up a roadblock at the requested location. However, the roadblock was never established because as Officer Jerry Whitmore arrived at the site, he observed a Cadillac automobile with out-of-state license plates approaching from the west. As the car passed him, he radioed another officer further down the highway to stop it. He then turned his vehicle around and shortly after the Cadillac was stopped he arrived at the scene.

Upon approaching the car the two officers observed that there were two men in the front seat and one man lying down in the back seat. The oldest of the three men was wearing khaki trousers. The officers asked the driver for a driver's license, which he produced, and for a registration certificate for the car. When he failed to produce the registration slip the officers asked if they could search the car. The request was refused. At this time the offi-cers ordered the three men to get out of the car and informed them that they were under arrest.

In the presence of appellant the car was searched at the scene of the arrest and several incriminating items connecting the men with the robbery in Burley were found. The men were then taken to the sheriff's office at Pocatello and the Burley authorities were notified. The following day, November 17, 1967, Burley police officers, armed with a warrant of arrest issued by the Cassia County probate judge, picked up the three men in Pocatello and escorted them back to Burley where they were arraigned the same day.

The Cassia County probate judge conducted a preliminary hearing on December 6, 1967 and bound the appellant over for trial in the district court. Prior to trial, however, the appellant filed a petition for habeas corpus in the district court, claiming that there was insufficient admissible evidence presented at the preliminary hearing to support the court's decision binding him over to district court. Appellant at the same time also moved to suppress the evidence seized at the time of his arrest on the ground that his arrest was illegal since it was made without a warrant or probable cause to believe that the appellant had committed a felony. I.C. § 19-603. Appellant also moved the court for a reduction in the amount of his bond set at $20,000.

The court issued a writ of habeas corpus and the Cassia County sheriff filed a return on the writ. A hearing was then held in the district court on appellant's petition for habeas corpus concurrently with his two motions. The district court held that the legality of appellant's arrest and the subsequent search and seizure could not be raised on habeas corpus and that there was sufficient evidence presented at the preliminary hearing to justify binding appellant over to the district court for trial. The court also denied appellant's motions to suppress evidence and to reduce bond. Appellant has appealed to this court from these adverse rulings.

In the notice of appeal appellant specified that he is appealing from the court's order denying his motion for a reduction of bond. There is, however, no assignment of error in appellant's brief relating to this point. Neither are there any points and authorities or argument pertaining to this issue. Under such circumstances the issue is not properly before this court and will be treated as abandoned. Bolen v. Baker, 69 Idaho 93, 203 P.2d 376 (1949); Michael v. Zehm, 74 Idaho 442, 263 P.2d 990 (1953); Bjornstad v. Perry, 92 Idaho 402, 443 P.2d 999 (1968).

Appellant has also appealed from and assigned as error the court's order denying his motion to suppress the evidence seized at the time of his arrest.[1] It is our opinion that this issue is also not properly before this court. I.C. § 19-2803 provides that

"Appeal by defendant.—An appeal may be taken by the defendant:

1. From a final judgment of conviction.

2. From an order denying a motion for a new trial.

3. From any order made after judgment, affecting the substantial rights of the party."

The denial of appellant's motion to suppress is not a final order and hence is not appealable. See Annot. 156 A.L.R. 1207. See also State v. Reed, 3 Idaho 554, 32 P. 202 (1983) and State v. Maguire, 31 Idaho 24, 169 P. 175 (1917), in which this court held that other interlocutory orders similar to the order involved herein are not appealable.

The third ground specified in the notice of appeal and presented by appellant's assignments of error is that the district court erred in refusing to grant relief on his petition for a writ of habeas corpus. Appellant's argument in this regard can be separated into two points. First he contends that he is being illegally detained because his initial arrest by the Bannock County authorities was illegal in that they arrested him without a warrant and without probable cause to believe that he had committed a felony. I.C. § 19-603. Secondly he contends that the legally admissible evidence presented at the preliminary hearing was insufficient to establish that a crime had been committed and probable cause to believe that he committed it. See I.C. § 19-4215(7). Appellant contends that on either ground he is entitled to be released from confinement.

Whether a defendant who has been illegally arrested and subjected to an unlawful search and seizure is entitled to release on habeas corpus is an issue which has been before this court on at least five occasions. In each case it has been held that habeas corpus is not available to challenge the legality of an arrest or the admissibility of illegally seized evidence. In State v. Poynter, 70 Idaho 438, 220 P.2d 386 (1950), this court pointed out that

"Appellant further contends that at the time of the arrest, he was taken to jail and confined without any warrant of arrest, or for any crime that had been committed in the presence of any officer, and that such arrest was illegal and void, and therefore by innuendo he could not be prosecuted. Where the accused is personally before the court, the jurisdiction of the court to try him is not impaired by the manner in which he is

---

1. The record reflects that two notices of appeal were filed in the present case, the first by appellant and two other parties and the second by appellant alone. The first notice of appeal stated that the appeal was from the district court's order quashing the writ of habeas corpus, from the order denying the motion to suppress evidence, and from the order denying application to reduce bond. The second notice of appeal specifies an appeal only from the order quashing the writ of habeas corpus and from the order denying application to reduce bond. It cannot be determined upon which notice of appeal the appellant relies, but this court has considered all three grounds for appeal specified in the first notice of appeal.

brought before the court." 70 Idaho at 443, 220 P.2d at 390.

To the same effect are Smith v. State, 87 Idaho 163, 391 P.2d 849 (1964); Burge v. State, 90 Idaho 473, 413 P.2d 451 (1966); Ex Parte Olsen, 74 Idaho 400, 263 P.2d 388 (1953); In re Moyer, 12 Idaho 250, 85 P. 897, 12 L.R.A.,N.S., 227 (1906).

■■ Habeas corpus is a remedy available for the purpose of challenging the jurisdiction of the court over a defendant. But it has been repeatedly held that an illegal arrest does not deprive the court of jurisdiction over the arrested person. As this court stated in Ex Parte Olsen, supra,

"The accused having been brought before it [the court] upon warrants issued upon complaints properly made, it becomes immaterial to the jurisdiction of the court that the accused had been previously arrested or detained by the officers without a warrant." 74 Idaho at 403, 263 P.2d at 390.

See also State v. Poynter, supra; Smith v. State, supra; In re Moyer, supra. In the present case the appellant was brought before the court pursuant to a warrant of arrest issued by the Cassia County probate judge. For jurisdictional purposes it is immaterial, therefore, whether his initial arrest by the Pocatello authorities was legal. The court had jurisdiction over the subject matter and over the person of appellant, and hence he is not entitled to be released on habeas corpus.

■■ By his writ of habeas corpus, the appellant also challenges the validity of the search and seizure and the admissibility of the evidence seized at the time of his arrest. These questions are not open for review on a petition for habeas corpus. Smith v. State, supra. They were raised by the motion to suppress the seized evidence and appellant's right to review of this issue can be preserved by timely objections to admission of this evidence at the trial. Appellant will then have an opportunity to challenge the admissibility of this evidence, if necessary, by appeal from a final judgment. Habeas corpus, however, cannot be used as a substitute for an appeal. Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957); Smith v. State, supra.

■ The second basis for appellant's petition for habeas corpus is that the court erred in binding him over to district court on the basis of the evidence presented at the preliminary hearing. Habeas corpus is the proper remedy to challenge the court's determination that the evidence is sufficient to hold a defendant for trial in the district court. In re Knudtson, 10 Idaho 676, 79 P. 641 (1905); In re Heigho, 18 Idaho 566, 110 P. 1029, 32 L.R.A.,N.S., 877 (1910); State v. Bauman, 89 Idaho 519, 406 P.2d 810 (1965); In re Application of Carpenter, 88 Idaho 567, 401 P.2d 800 (1965). And a defendant is entitled to be released upon habeas corpus where it appears that the evidence at the preliminary hearing failed to establish that a crime was committed or that there is probable cause to believe that the defendant committed it. In re Knudtson, supra; In re Heigho, supra. At the preliminary hearing, however, the State need not prove the defendant's guilt beyond a reasonable doubt. It need only prove that a crime was committed and that there is probable cause to believe that the defendant committed it. In re Squires, 13 Idaho 624, 92 P. 754 (1907); State v. Layman, 22 Idaho 387, 125 P. 1042 (1912). If the State has sustained this burden the defendant is not entitled to release on habeas corpus. In re Levy, 8 Idaho 53, 66 P. 806 (1901).

■ In the case at bar, the State established that a crime was committed and the manager of the hotel which was robbed identified the appellant as one of the robbers. Even disregarding the evidence found in the search of the car in which the appellant was apprehended, there is sufficient evidence connecting the appellant with the robbery to support the court's judgment binding him over to the district court. The order quashing the writ of habeas corpus is therefore affirmed.

■ During argument in the present case, the appellant contended for the first

time that he was not taken before a magistrate in the county in which he was arrested, as required by I.C. § 19–615, and that he should, for that reason, be discharged from custody. The court invited the parties to file supplemental briefs on this issue. Having considered the points raised by these briefs, it is our opinion that the issue is not properly before us. There is nothing in the record to indicate in which county the arrest took place or whether the appellant was or was not taken before a magistrate as required by I.C. § 19–615. This court has stated before that it will not review matters which are not contained in the record (State v. Anderson, 82 Idaho 293, 352 P.2d 972 (1960); Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347 (1951); Hansen v. Devaney, 82 Idaho 488, 356 P.2d 57 (1960)) and which are raised for the first time on appeal. Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968); United States v. Marshall, 230 F.2d 183 (9th Cir. 1956); Smith v. State of Idaho, 373 F.2d 149 (9th Cir. 1967).

Affirmed.

McQUADE, DONALDSON and SPEAR, JJ., and ANDERSON, D. J., concur.