518 P.2d 1186

The **STATE** of **Idaho**, **Plaintiff-Appellant**,

v.

**Lois Nadine JENNINGS, Defendant-Respondent.**

No. 11175.

Supreme Court of Idaho.

Feb. 7, 1974.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams, Deputy Atty. Gen., Peter Heiser, Jr., Sp. Asst. Atty. Gen., Boise, Robert W. Galley, Pros. Atty., Twin Falls, for plaintiff-appellant.

Lloyd J. Webb, Charles P. Brumbach, Webb, Pike, Burton & Carlson, Twin Falls, for defendant-respondent.

DONALDSON, Justice.

This is an appeal by the state from an order of the district court remanding a criminal action to the magistrates' division of the district court for a second preliminary hearing. The district court's order was in response to defendant's motion to dismiss the information, on the ground of insufficient evidence to establish probable cause at the original preliminary hearing. We have determined that this Court will not assume jurisdiction to review this order of the district court and that the appeal must be dismissed.

Defendant-respondent Lois Nadine Jennings was charged with issuing an insufficient funds check over $25.00, a felony in violation of I.C. § 18-3106. At the preliminary hearing in this matter, the state introduced an affidavit which had been filled out by the manager of the defendant's bank. The form of the affidavit had been prepared by the Prosecuting Attorney's office. Counsel for the defendant objected to the introduction of the affidavit on the ground that it was hearsay, and that its admission deprived the defendant of the opportunity to cross-examine the affiant. The magistrate overruled the objection, characterized the affidavit as "reliable hearsay," and noted that the opportunity to cross-examine the banker would be available at trial. At the conclusion of the preliminary hearing, the magistrate made a finding of probable cause and bound the defendant over to the district court. An information was subsequently filed in district court on July 19, 1972.

On July 27, 1972, pursuant to I.C. § 19-815A,[1] defendant filed a motion in district court to dismiss the information on the ground that there was insufficient evidence adduced at the preliminary hearing to establish probable cause. After hearing argument on the motion, the district court concluded that the magistrate erred in admitting the banker's affidavit at the preliminary hearing, that the affidavit was hearsay evidence, and that its admission deprived the defendant of the right to cross-examine the witnesses against her, in violation of I.C.R. 5.1(a).[2] Further con-

---

1. I.C. § 19-815A. *"Challenging sufficiency of evidence of preliminary examination.*—A defendant once held to answer to a criminal charge under this chapter may challenge the sufficiency of evidence educed at the preliminary examination by a motion to dismiss the commitment, signed by the magistrate, or the information filed by the prosecuting attorney. Such motion to dismiss shall be heard by a district judge.

   If the district judge finds that the magistrate has held the defendant to answer without reasonable or probable cause to believe that the defendant has committed the crime for which he was held to answer, or finds that no public offense has been committed, he shall dismiss the complaint, commitment or information and order the defendant discharged."

2. I.C.R. 5.1(a). *"Preliminary examination.—*
   (a) Probable Cause Finding. If from the evidence it appears that there is probable cause to believe an offense has been committed and that the defendant committed it, the magistrate shall forthwith hold him to answer in the district court. The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. *The defendant shall be entitled to cross examine witnesses against him* and may introduce evidence in his own behalf. Motions to suppress must be made in a trial court as provided in Rule 12.

cluding that without the affidavit, probable cause was not established, the district court ordered the action remanded to the magistrates' division "for a Preliminary Hearing." This was interpreted in the court minutes of August 25, 1972, as a remand for "additional evidence." The state then commenced this appeal from the order of the district court, contending that under the provisions of I.C.R. 5.1(a), hearsay evidence is admissible at preliminary hearings to establish probable cause.

At the oral argument on this appeal, the question arose as to whether the order of the district court was, in fact, appealable, as both parties had implicitly assumed in their briefs. The state requests that this Court assume jurisdiction and relies upon I.C. § 19–2804 [3] as authority for its right to prosecute this appeal. The only portion of I.C. § 19–2804 which is relevant to the procedural facts of this case is subsection one, which permits the state to appeal "[f]rom a judgment for the defendant on a demurrer to the indictment or information."

The continuing validity of I.C. § 19–2804(1) is thrown into question by the adoption of Idaho Criminal Rule 12(a), which, with the other Idaho Criminal Rules, became effective on January 1, 1972. I.C.R. 12(a) provides:

"Pleadings and Motions. Pleadings in criminal proceedings shall be the complaint, indictment of the information, and the pleas of guilty and not guilty. All other pleas, and demurrers and motions to quash are abolished, and the defenses and objections raised before trial which

heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief as provided in these rules."

However, we do not consider that the abolition of demurrers under I.C.R. 12(a) deprived I.C. § 19–2804(1) of all force and effect.

After the effective date of the Idaho Criminal Rules, the Legislature amended I.C. § 19–2804, but in doing so, retained the original wording of the first subsection, which permits the state to appeal "[f]rom a judgment for the defendant on a demurrer to the indictment or information." It is to be presumed that in retaining I.C. § 19–2804(1) the Legislature intended that the statute have continuing validity and force. *Cf.* Scandrett v. Shoshone County, 63 Idaho 46, 51, 116 P. 2d 225 (1941). It is also to be presumed that in preserving subsection one of I.C. § 19–2804, the Legislature had in mind the existing law on the same subject matter. *Cf.* Idaho Mut. Ben. Ass'n v. Robison, 65 Idaho 793, 799, 154 P.2d 156 (1944). The existing law of criminal procedure at the time of the amendment of I.C. § 19–2804 included the newly effective Idaho Criminal Rules, adopted under the inherent rule-making power of this Court, recognized in I.C. §§ 1–212 through 1–215. This Court will not nullify a statutory provision or deprive it of its potency, if a reasonable construction of the statute is possible. State v. Gibbs, 94 Idaho 908, 911, 500 P.2d 209 (1972). With these principles of statutory construction in mind, we conclude that I.C. § 19–2804(1) continues to afford the state

A record of the proceedings shall be made by stenographic means or recording devices." (emphasis added.)

3. I.C. § 19–2804. *"Appeal by the state.—* An appeal may be taken by the state:
1. From a judgment for the defendant on a demurrer to the indictment or information.
2. From an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the

prosecution the use of evidence at trial * * *.
3. From an order granting a new trial.
4. From an order arresting judgment.
5. From an order made after judgment affecting the substantial rights of the prosecution.
6. From any ruling of the trial judge during the course of the trial on the receipt or rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

a limited right to appeal, but only from orders favorable to the defendant on motions to dismiss which raise defenses and objections which were formerly grounds for demurrer.

Idaho Code section 19–1703 provides:

"*Ground for demurrer.*—The defendant may demur to the indictment when it appears *upon the face thereof*, either:

1. That the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its. not being within the legal jurisdiction of the county.

2. That it does not substantially conform to the requirements of sections 19–1409, 19–1410 and 19–1411 [which specify the contents, form and certainty required of an indictment].

3. That more than one offense is charged in the indictment. [This section has, of course, not been valid since the enactment of I.C. § 19–1432 which permits joinder of similar offenses and those offenses based on the same act or transaction or part of a common scheme or plan. *Accord* I.C.R. 8(a).]

4. That the facts stated do not constitute a public offense.

5. That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." (Emphasis added.)

As is apparent in the first sentence of I. C. § 19–1703, *supra*, the only defects properly attacked by demurrer were those which were apparent *on the face* of the indictment or information.[4] In the case of State v. Arnold, 39 Idaho 589, 594, 229 P. 748, 749 (1924), this Court emphasized the function of the demurrer when it said,

"If there be any defect, it is one of form not substance, and certainly is one which would have to be raised by demurrer * * *."

This Court has never approved of the use of a demurrer as a means by which a defendant could challenge the sufficiency of the evidence at a preliminary hearing. Neither has the district court been permitted to review the sufficiency of the preliminary hearing evidence on a motion to quash. State v. Bauman, 89 Idaho 519, 406 P.2d 810 (1965); State v. So, 71 Idaho 324, 231 P.2d 734 (1951); State v. Hunt, 57 Idaho 122, 62 P.2d 1372 (1936); State v. Foell, 37 Idaho 722, 217 P. 608 (1923). Prior to the enactment of I.C. § 19–815A in 1971, the proper way to obtain a district court review of the magistrate's finding of probable cause was by petition for a writ of habeas corpus. State v. Bauman, *supra,* 89 Idaho at 521, 406 P.2d 810. However, after the enactment of I.C. § 19–815A, the district courts were specifically authorized to review the magistrate's finding of probable cause upon a motion to dismiss the information filed in the district court.

Appeals by the state from actions of the district court prior to trial remanding a cause to the magistrates court for an additional preliminary hearing can only have the effect of delaying the ultimate determination of the guilt or innocence of a criminal defendant. Speedy trials are one of the constitutional guarantees protected by the Bill of Rights. Therefore, it is only in the most unusual circumstances under which this Court will assume jurisdiction to consider an appeal by the state in situations not expressly provided for in I.C..§ 19–2804. While we recently considered such a matter in State v. O'Mealey, 95 Idaho 202, 506 P.2d 99 (1973), we do

---

4. In State v. Albertson, 93 Idaho 640, 470 P. 2d 300 (1970) and State v. Brinton, 91 Idaho 856, 433 P.2d 126 (1967), this Court has viewed an attack by the defendant on the constitutionality of the statute allegedly violated as, in effect, a demurrer to the information, and thus appealable by the state under I.C. § 19–2804(1), after a decision by the district court favorable to the defendant.

not deem it appropriate to assume jurisdiction in this matter since the evidence found insufficient by the district court can readily be supplied.   Appeal dismissed.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.