263 P.2d 388

**Ex parte OLSEN.**

No. 8063.

Supreme Court of Idaho.

Nov. 17, 1953.

O. J. Bandelin, Sandpoint, Harold S. Purdy, Coeur d'Alene, for appellant.

Watt E. Prather, Pros. Atty., Bonners Ferry, Robert E. Smylie, Atty. Gen., for respondent.

TAYLOR, Justice.

Upon a petition alleging unlawful arrest and imprisonment by the sheriff of Boundary County, and alleging facts intended to establish that application to the district court for such a writ would be of no avail, a writ was issued out of this court. It appearing from the petition that certain issues of fact might be raised by the return, it was ordered that the return be made to, and hearing thereon be had before, Honorable Jack McQuade, District Judge, as referee for this court. Thereafter, return was made and hearing had before the referee and the referee has made findings, conclusions, and recommended order for disposition of the cause to this court, and this court has heard argument by counsel for the respective parties.

There is not much dispute concerning the facts. On the early morning of August 21, 1953, acting upon a broadcast "pick up order", a night patrolman at Bonners Ferry in Boundary County stopped a car driven by petitioner and asked petitioner for his driver's license. He claimed to have lost his wallet containing the license. Meanwhile, two other officers appeared and upon further questioning the driver gave his name as James Davis and offered a certificate of title bearing that name as his only identification. Petitioner was taken to the sheriff's office and there, in connection with further questioning, various articles were taken from his automobile and from his jacket, found in the car. From these his true identity was determined, and admitted by him. Some of these items tend to connect petitioner with a burglary committed at Eureka, Montana. Thereupon, two

criminal complaints were filed in the probate court of Boundary County; one charging petitioner with the possession of burglarious instruments, a misdemeanor, § 18–1406, I.C.; the other charging him with being a fugitive from justice in connection with the burglary alleged to have been committed at Eureka, Montana. § 19–4513, I.C. Warrants were issued upon these complaints and the petitioner was arrested, and placed in the county jail in custody of the sheriff, subject to bail.

In his return to the writ the sheriff sets forth these two commitments signed by the probate judge, and further shows that the proceedings as to both of these charges are still pending in the probate court, and have been continued by that court at the request of the petitioner pending the final decision in this proceeding.

The petitioner contends his arrest was and is illegal because at the time he was first detained by the officers he had not committed, and was not committing, any offense in their presence, and that they acted without a warrant; that the search of his automobile and personal effects was without warrant and not made in connection with any lawful arrest. For these reasons he asserts that the evidence obtained by the search is not competent or admissible, and that it is the only evidence which the state has to support the charges against him and that as a result he is illegally deprived of his liberty. He also contends that the charges were not filed in good faith, but only for the purpose of detaining him until he could be extradited to the state of Montana. He also calls attention to the fact that the warrant issued upon the fugitive complaint is irregular in that it purports upon its face to have been issued upon a complaint charging a burglary committed in Boundary County, Idaho.

The referee in his conclusions and "recommended order" held that the claimed errors and irregularities in the proceedings leading to the issuance of the commitments by the probate court are not such as to entitle petitioner to be discharged from custody, and recommended that he be remanded to the sheriff. We are in agreement with the referee.

In such proceedings as these, the inquiry upon habeas corpus is almost wholly one as to jurisdiction. If it appears that the court issuing the process by which the petitioner is held, had jurisdiction of the subject matter, jurisdiction of the person of the accused, and jurisdiction to make and issue the particular order or process by which the accused is held, and the order or process is valid on its face, he cannot be discharged by habeas corpus.

> "Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or process issued, therein absolutely void. It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are

not jurisdictional and, at the most, render a judgment merely voidable. The writ of habeas corpus was neither intended to have nor does it have, the primary function of a proceeding for the review of errors committed by a trial court within its jurisdiction, and consequently, it does not have the force and effect of such a proceeding as an appeal, error proceeding, or writ of certiorari. The proper scope of the remedy of habeas corpus as a means of a collateral attack upon a judgment or process which is absolutely void is not to be distorted by an attempt to make the proceeding available as one in the nature of an appeal or error proceeding * * *. In other words, a writ of habeas corpus is not a writ of error or a writ in anticipation of error and cannot operate as, be converted into, or serve as a substitute for such writ * * *." 25 Am.Jur., Habeas Corpus, § 28.

Where it appears that the petitioner is restrained under a charge of having committed an offense, it has been repeatedly held that he may not be discharged on habeas corpus because jurisdiction of his person was acquired by the trial court in an irregular manner. * * * Nor may relief be had because of a mere defect in the process for bringing the petitioner before the court for trial * * *." 25 Am. Jur., Habeas Corpus, § 34.

See also: 25 Am.Jur., Habeas Corpus, §§ 21, 22, 27; 39 C.J.S., Habeas Corpus, §§ 7, 13, 16; Ex parte Thompson, Okl.Cr., 235 P.2d 955; Jackson v. Olson, 146 Neb. 885, 22 N.W.2d 124, 165 A.L.R. 932, and annotation 947.

Assuming petitioner's contentions were sustained by the record, they are not of such character as to oust the probate court of jurisdiction to proceed to trial upon the criminal complaints there filed. The accused having been brought before it upon warrants issued upon complaints properly made, it becomes immaterial to the jurisdiction of the court that the accused had been previously arrested or detained by the officers without a warrant. Nor do we think the erroneous designation of the offense in the warrant which was issued upon the fugitive complaint is such an error as to affect the jurisdiction of the court.

> "The wrongful or unlawful means employed in making an arrest however criminal they might be could not be chargeable to the sovereignty which can commit no crime but would be the crime of the individual who committed the act and would furnish no reason or justification for discharging the prisoner when brought before the court." In re Moyer, 12 Idaho 250, at page 261, 85 P. 897, 901, 12 L.R.A.,N.S., 227, 118 Am.St.Rep. 214, affirmed Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148.

"Appellant further contends that at the time of the arrest he was taken to jail and confined without any warrant of arrest, or for any crime that had been committed in the presence of any officer, and that such arrest was illegal and void, and therefore by innuendo he could not be prosecuted. Where the accused is personally before the court, the jurisdiction of the court to try him is not impaired by the manner in which he is brought before the court." State v. Poynter, 70 Idaho 438, at page 443, 220 P.2d 386, 390.

As to the evidence which petitioner contends was illegally seized, the question of its competency and admissibility are matters to be determined by the probate court in the due course of proceedings before it. Petitioner may have any adverse rulings thereon reviewed. He is not entitled to have such questions reviewed, or adverse rulings anticipated and determined in habeas corpus proceedings.

Petitioner's contention that the charges were not made in good faith, but only for the purpose of detaining him for extradition to Montana, is not a matter with which we are concerned. The process by which he is held being regular on its face and within the jurisdiction of the court from which issued, this court will not examine the motives behind the criminal charges. In re Moyer, supra.

The petition is denied and petitioner is remanded to the custody of the sheriff of Boundary County.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.