391 P.2d 849

Gary Lamar SMITH, Petitioner-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9421.

Supreme Court of Idaho.

April 27, 1964.

**164**

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Asst. Atty. Gen., Boise, Hugh C. Maguire, Jr., Pros. Atty., of Bannock County, Pocatello, for respondent.

George R. Phillips, Pocatello, for appellant.

McQUADE, Justice.

Petitioner-appellant, Gary Lamar Smith, filed an application (hereinafter referred to as a petition) for a writ of habeas corpus in the district court of Bannock County. He alleged that as his confinement was solely the result of an illegal arrest and an illegal search and seizure, he was entitled to his release from custody. The writ was issued and it was ordered that a hearing thereon be held.

Upon the conclusion of the hearing, the district court ordered that the relief prayed for in the writ of habeas corpus be denied. Petitioner takes his appeal from the whole of said order.

The evidence deduced at the hearing on the habeas corpus shows that on Saturday, September 14, 1963, at approximately four o'clock in the morning, petitioner was parked at a parking lot in front of a shopping center in the city of Pocatello. Upon the approach of a police car, petitioner left the lot at a fairly high rate of speed. Officer Kearns, who was driving the police car, became suspicious and pursued the petitioner. Kearns testified that during the pursuit he could observe petitioner attempting to shove certain items underneath the dash of the vehicle. Petitioner was eventually stopped a short distance outside the Pocatello city limits.

Officer Kearns asked petitioner for his driver's license. Kearns testified that at this point he saw a rifle-pistol in petitioner's car which he had previously seen in the window of Dan's Sporting Goods store. The store was located near the parking lot from which petitioner had fled. The evidence is conflicting as to the subsequent events. Kearns testified that he entered petitioner's car, sat in the front seat and merely observed the rifle-pistol and various items of new clothing. Petitioner, on the other hand, testified that his entire automobile had been comprehensively searched.

Officer Kearns radioed Officer Jansen in order to see if Dan's Sporting Goods had been burglarized. The response was in the affirmative and Kearns thereupon transported the petitioner in the police car to Dan's Sporting Goods store, where he had

first been observed. Petitioner's vehicle was temporarily abandoned.

Officer Kearns and the petitioner were met at Dan's Sporting Goods by Officer Jansen. Police Lieutenant Boyce was summoned. Both Kearns and Jansen testified that petitioner was arrested for burglary at this time; petitioner testified, however, that the arrest did not take place until sometime later. At any rate, petitioner attempted to break away from the two officers. He was restrained and was being handcuffed when Lieutenant Boyce arrived upon the scene. Boyce informed Kearns and Jansen that handcuffs would not be necessary and petitioner promised to behave himself. Petitioner then requested that he be taken to see his wife in Power County. Lieutenant Boyce acceded to this request as petitioner's wife had no telephone and was shortly expecting a baby. Kearns and Jansen then drove petitioner to his home in Power County.

Petitioner testified that upon arrival at his home in Power County, the two officers threatened to search his house. This contention was sharply denied by both Kearns and Jansen. Nevertheless, petitioner admits that he grabbed a shotgun, disarmed the officers, and held them at gunpoint for over an hour and a half.

At petitioner's direction, Officer Kearns summoned Lieutenant Boyce via the police car radio. Shortly after his arrival the three officers succeeded in disarming and subduing the petitioner.

Petitioner was taken to the Pocatello Police Station at approximately seven o'clock on the morning of Saturday, September 14th. He was committed to the Bannock County jail at 11:10 of the same day. The Sheriff's Arrest Card, introduced at the hearing as exhibit one, substantiates petitioner's testimony that the arrest occurred at his home in Power County.

On Monday, September 16th, a warrant of arrest was issued and the petitioner was taken before a Justice of the Peace in Pocatello at approximately 3:30 p. m. A preliminary hearing was held and petitioner was bound over for trial in the district court. Habeas corpus proceedings were had shortly thereafter and petitioner's trial was postponed subject to the outcome of this appeal.

Petitioner asserts that the district court erred in the following particulars: 1. As petitioner was not taken before a magistrate in the county in which he was arrested, he was entitled to be released from custody; 2. As there was an unnecessary delay in taking the petitioner before a magistrate, he was entitled to be released from custody and 3. As petitioner's car was subjected to an unreasonable search and seizure, he was entitled to be released from custody. We shall discuss these contentions in the

order in which they are hereinabove set forth.

I.C. § 19–615 is cited by the petitioner in support of his first two assignments of error. Its provisions are:

"When an arrest is made without a warrant by a peace officer or private person the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and an information, stating the charge against the person, must be laid before such magistrate."

Petitioner insists that as he was arrested in Power County, he should have been taken before a Power County magistrate. Arrest is comprehensibly defined in both I.C. §§ 19–601 and 19–602 as follows:

"19–601. Arrest defined.—An arrest is taking a person into custody in a case and in the manner authorized by law. An arrest may be made by a peace officer or by a private person."

"19–602. Arrest, how made.—An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of an officer. The defendant must not be subjected to any more restraint than is necessary for his arrest and detention."

In light of the above statutes, it is impossible to sustain petitioner's contention that the arrest took place in Power County. The evidence sustains the conclusion that although petitioner voluntarily returned to Dan's Sporting Goods, he was arrested there. As noted earlier, the sporting goods store is located in Bannock County.

Furthermore, in his order denying the writ, the trial judge found that the arrest took place in Bannock County. As this finding is supported by substantial, competent evidence it will not be disturbed on appeal.

As noted earlier, petitioner alleges he is entitled to his release as there was unnecessary delay in taking him before a magistrate. I.C. § 19–615. In Ex parte Olsen, 74 Idaho 400, 263 P.2d 388 (1953), this court extensively discussed the function of the writ of habeas corpus as follows:

" 'Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or process issued, therein absolutely void. It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are not jurisdictional and, at the most, render a judgment merely voidable. The writ of habeas corpus was neither intended to have nor does it have, the primary function of a proceeding for the review of errors committed by a

trial court within its jurisdiction, and consequently, it does not have the force and effect of such a proceeding as an appeal, error proceeding, or writ of certiorari. The proper scope of the remedy of habeas corpus as a means of a collateral attack upon a judgment or process which is absolutely void is not to be distorted by an attempt to make the proceeding available as one in the nature of an appeal or error proceeding * * *. In other words, a writ of habeas corpus is not a writ of error or a writ in anticipation of error and cannot operate as, be converted into, or serve as a substitute for such writ * * *.' 25 Am.Jur., Habeas Corpus, § 28."

Our conclusion in the Olsen case was that;

"In such proceedings as these, the inquiry upon habeas corpus is almost wholly one as to jurisdiction. If it appears that the court issuing the process by which the petitioner is held, had jurisdiction of the subject matter, jurisdiction of the person of the accused, and jurisdiction to make and issue the particular order or process by which the accused is held, and the order or process is valid on its face, he cannot be discharged by habeas corpus."

Petitioner is presently being held under a warrant of arrest issued out of the Justice Court in the Pocatello Precinct. While we do not necessarily condone the lapse of time which occurred between the arrest and petitioner's appearance before a magistrate, the facts alleged are not such as to affect the jurisdiction of the court, which issued the process. State v. Bedwell, 77 Idaho 57, 286 P.2d 641 (1955).

" 'Where it appears that the petitioner is restrained under a charge of having committed an offense, it has been repeatedly held that he may not be discharged on habeas corpus because jurisdiction of his person was acquired by the trial court in an irregular manner. * * * Nor may relief be had because of a mere defect in the process for bringing the petitioner before the court for trial * * *.' " Ex parte Olsen, supra, 74 Idaho at 403, 263 P.2d at 390.

■ Petitioner's final contention is based upon Article 1, Section 17 of the Idaho Constitution, which guarantees the right of the people to be secure against unreasonable searches and seizures. Petitioner asserts that as he was subjected to an unreasonable search and seizure, he is entitled to be released from custody.

The trial court found that petitioner was not subjected to an unreasonable search and seizure.

In Ex parte Olsen, supra, petitioner also sought release from confinement through habeas corpus prior to trial. He contended that his arrest was illegal because at the time he was first detained by the law officials he had not committed, and was not committing, any offense in their presence, and that they acted without a warrant. Petitioner also alleged that the search of his automobile and personal effects was without warrant and not made in connection with any lawful arrest. This court stated 74 Idaho at pages 403–404, 263 P.2d at pages 390–391:

"Assuming petitioner's contentions were sustained by the record, they are not of such character as to oust the probate court of jurisdiction to proceed to trial upon the criminal complaints there filed. The accused having been brought before it upon warrants issued upon complaints properly made, it becomes immaterial to the jurisdiction of the court that the accused had been previously arrested or detained by the officers without a warrant. * * *

\* \* \* \* \* \*

"As to the evidence which petitioner contends was illegally seized, the question of its competency and admissibility are matters to be determined by the probate court in the due course of proceedings before it. Petitioner may have any adverse rulings thereon reviewed. He is not entitled to have such questions reviewed, or adverse rulings anticipated and determined in habeas corpus proceedings."

In People v. Valenti, 49 Cal.2d 199, 316 P.2d 633 (1957), the lower court dismissed an indictment against a defendant solely because he had been subjected to an illegal arrest and an illegal search and seizure. The state appealed and the California Supreme Court held that the trial court had committed error. It was ruled therein that a court does not lose jurisdiction to try a defendant solely because he has been subjected to an illegal search and seizure.

In Bird v. Justice Court, etc., 182 Cal. App.2d 674, 6 Cal.Rptr. 502 (1960), appellant was charged with unlawful possession of deer meat. He claimed that he should not be prosecuted as the evidence was obtained through an unlawful search and seizure. The court held, however, following People v. Valenti, supra, that the fact that appellant may have been subjected to an illegal arrest, or illegal search and seizure could not prevent his prosecution. See also: City of St. Paul v. Stovall, 225 Minn. 309, 30 N.W.2d 638 (1948).

The legality of the search and seizure involved herein is a matter which must be determined in the trial of this case. Petitioner has an adequate remedy both in the trial court and upon appeal. He is not,

however, entitled to relief through habeas corpus.

Order affirmed.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.