## PEOPLE v. WALKER.*

### Cr. No. 583; July 9, 1900.

#### 61 Pac. 800.

**Appeal.—Under Penal Code, Section 1237, Permitting** an appeal from a final judgment of conviction or from an order denying a new trial, and from an order made after judgment affecting the substantial rights of the party, and section 1259, providing that, on appeal by a defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment, an appeal will not lie from an order denying a motion in arrest of judgment, since it may be reviewed on appeal from final judgment.

**Criminal Law—Time for Appeal.—Under Penal Code,** section 1239, requiring an appeal from a judgment to be taken within a year, an appeal from a conviction in a criminal case, taken more than one year after rendition of judgment, cannot be considered.

**Criminal Law.—An Appeal will not Lie from an Order Overruling** a motion to discharge from imprisonment, nor from an order denying a motion to vacate the judgment of conviction, since the judgment of conviction was appealable, and all objections could have been reviewed on appeal from it.

**Criminal Law.—An Appeal will not Lie from an Order Overruling** a motion to correct the minutes of the court as to arraignment of defendant, under Code of Civil Procedure, section 963, allowing an appeal from a special order made after final judgment.

**Criminal Law—Vacation of Order Staying Execution.—Where** the court, at defendant's request, stayed execution of judgment of conviction until the judgment had become final by the expiration of more than a year after its entry without appeal, and without a motion for a new trial, defendant cannot object to an order vacating an order directing a commitment to issue; otherwise, the court would be powerless to carry the judgment into effect.[1]

APPEAL from Superior Court, City and County of San Francisco.

George Walker was convicted of embezzlement and he appeals. Appeal dismissed.

Geo. D. Collins for appellant; Attorney General Ford for respondents.

*For subsequent opinion in bank, see 132 Cal. 137, 64 Pac. 133.

[1] Cited in the note in 33 L. R. A., N. S., 121, on power of court to suspend or stay execution of sentence.

COOPER, C.—The defendant was convicted of the crime of embezzlement, and has appealed, or attempted to appeal, (1) from an order denying his motion in arrest of judgment; (2) from the final judgment; (3) from an order denying a motion to be discharged from imprisonment; (4) from an order denying a motion to vacate judgment; (5) from an order denying a motion to correct the minutes of the court as to arraignment of defendant; (6) from an order setting aside an order staying proceedings.

The order denying the motion in arrest of judgment could have been reviewed upon appeal from the judgment. It was not an order made after judgment, and is therefore not an order from which an appeal will lie: Pen. Code, secs. 1237, 1259; People v. Clarke, 42 Cal. 625. The judgment was rendered February 6, 1898, and the appeal therefrom taken June 9, 1899. This was more than one year after the rendition thereof, and the appeal cannot be considered: Pen. Code, sec. 1239; Langan v. Langan, 89 Cal. 195, 26 Pac. 764. The motion to be discharged from imprisonment and the motion to vacate the judgment were, in fact, attempts to attack the validity and sufficiency of the judgment after the time for appealing therefrom had expired. Any grievances the defendant may have suffered by the irregularity or invalidity of the judgment could have been redressed upon an appeal therefrom if taken in proper time. The judgment being appealable, the attack upon it should have been by direct appeal, and not from subsequent orders refusing to annul or vacate it: Goyhinech v. Goyhinech, 80 Cal. 409, 410, 22 Pac. 175; Reay v. Butler, 69 Cal. 585, 11 Pac. 463. The motion to correct the minutes of the court was made after the judgment had become final. There was no appeal pending from the judgment or from any order denying a new trial. It is not apparent to us how the correction of the minutes of the court, after the judgment had been rendered more than one year, could have benefited the defendant. The order, therefore, did not affect any of his substantial rights. Furthermore, it was not an order from which an appeal could be taken: Griess v. Insurance Co., 93 Cal. 413, 28 Pac. 1041. If the order staying proceedings affected any substantial rights of defendant, he should have appealed from that order. It appears that the order was made at defendant's request. The bill of exceptions states: "That the court, by its order, at the request of de-

fendant, stayed the execution of the judgment, and on September 30, 1898, ordered all proceedings stayed in said action until the further orders of the court; that no further order was made by the court until the ninth day of June, 1899, when, on motion of the district attorney, the court ordered that said order of September 30, 1898, be vacated and set aside, and a commitment to said state prison forthwith issue.'' The appeal is from the order vacating the order directing a commitment to issue. It is not made to appear how the order vacating the order of September 30, 1898, could, of itself, affect any right of defendant. The order directing a commitment to issue was correct. The judgment had become final by the expiration of more than one year after its entry. No motion for a new trial had been made, nor was any such motion pending. The court had denied the other motions made by defendant. It would be strange if, under such circumstances, the court had no power to enforce the sentence. If the contention of defendant is correct, the court, after having, at defendant's request, stayed proceedings until the full expiration of his time to appeal or make a motion for a new trial, would be powerless to carry the judgment into effect. The law does not contemplate any such absurdity. The order vacating the order of September 30, 1898, should be affirmed. The appeal from the judgment and from all other orders should be dismissed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order vacating the order of September 30, 1898, is affirmed. The appeal from the judgment and from all other orders is dismissed.