(January 9, 1918.)

## STATE, Appellant, v. JOSEPH D. GRADY, Respondent.

[170 Pac. 85.]

CRIMINAL LAW—ONCE IN JEOPARDY—APPEAL BY STATE.

    1. The right to appeal in this state is conferred by legislative authority, and if it exists it must be found in the constitution or statutes.

    2. The state has no appeal from a judgment in favor of defendant, whether upon a verdict of acquittal or upon the determination by the court of a question of law, unless it be expressly conferred by statute in the plainest and most unequivocal terms.

    [As to whether the state may appeal or be granted a new trial in a criminal case, see notes in 27 Am. Dec. 471; 48 Am. St. 213.]

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James R. Bothwell, Presiding Judge.

From an order sustaining defendant's plea of once in jeopardy, the state appeals. *Dismissed.*

T. A. Walters, Attorney General, Joseph H. Peterson, Former Attorney General, John E. Rees, E. W. Whitcomb and W. H. O'Brien, for Appellant.

Jesse B. Roote, James E. Stevens and C. R. Clute, for Respondent.

Counsel cite no authorities on points decided.

MORGAN, J.—Respondent was charged, by information, with grand larceny, to which he entered a plea of not guilty. The cause was submitted to a jury, which, after deliberating for some time, advised the court of its inability to reach an agreement and it was thereupon discharged. When the cause was again brought on for trial respondent entered a plea of once in jeopardy, wherein he alleged that he was not present in court when the jury was discharged and had not waived his statutory right to be present. The state demurred to the plea and moved that it be disallowed and dismissed. The demurrer and motion were overruled, whereupon the state filed an answer in which it alleged that at the time the jury was discharged respondent was on bail and at liberty, and that if he was absent from the courtroom he was voluntarily so and had, thereby, waived his statutory right to be present. A jury was impaneled to which the trial judge, after the introduction of testimony, submitted the following interrogatory:

"Was the defendant, Joseph D. Grady, present in the court room, on the 4th day of April, 1914, at the time when the jury returned into court, announced that they were unable to reach a verdict, and were by the court dismissed?"

The jury answered the interrogatory in the negative, whereupon the court entered an order that the plea of once in jeopardy was sustained and respondent was discharged and his bail exonerated. Thereafter appellant filed a motion that the court correct its record so as to show that respondent had not been adjudged to have been in former jeopardy and was not entitled to his acquittal, and that he be remanded to the custody of the sheriff to abide the further order of the court. Counsel for appellant also orally moved that the court vacate and set aside the order discharging respondent and exonerating his bail. These motions were overruled, and appellant served and filed a notice of appeal, as follows:

"You will please take notice that the state, in the above-entitled action, hereby appeals to the supreme court of the state of Idaho, from the judgment of once in jeopardy, herein

entered, in the said district court, on the 18th day of June, A. D. 1915, in favor of the defendant in said action, and the whole thereof, and from the order of said court, rendered on the said 18th day of June, A. D. 1915, discharging the said defendant and exonerating his bail; and from the further order of said court, made on June 24th, A. D. 1915, denying and overruling the plaintiff's motion to vacate and set aside the order discharging the defendant and exonerating his bail; and from the further order of said court made on the said 24th day of June, A. D. 1915, denying and overruling the plaintiff's written motion to correct its record so as to show that the defendant had not been adjudged to have been in former jeopardy and not entitled to his acquittal, and that he be remanded to the care and custody of the sheriff of the said county of Lemhi, to abide the further order of this court.''

In support of the attempted appeal the state has assigned as error: 1. The action of the trial court in overruling its demurrer to the plea of former jeopardy; 2. In overruling its oral motion to vacate and set aside the order discharging respondent and exonerating his bail; 3. In overruling its written motion to correct the records to show that respondent had not been adjudged to have been in former jeopardy and that he be remanded to the custody of the sheriff.

"The right to appeal in this state is conferred by legislative authority and if it exists it must be found in the constitution or statutes.'' (*Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)

"As a general rule, the state has no right to a writ of error or to an appeal from a judgment in favor of defendant, whether upon a verdict of acquittal or upon the determination by the court of a question of law, unless it be expressly conferred by statute in the plainest and most unequivocal terms.'' (12 Cyc. 804; *State v. Ridenbaugh,* 5 Ida. 710, 51 Pac. 750; *State v. Craig,* 223 Mo. 201, 122 S. W. 1006; *Mick v. State,* 72 Ohio St. 388, 74 N. E. 284; *State v. Ford,* 161 Iowa, 323, 142 N. W. 984; *Oklahoma City v. Tucker,* 11 Okl.

Cr. 266, Ann. Cas. 1917D, 984, 145 Pac. 757; *People v. Knowles,* 27 Cal. App. 498, 155 Pac. 137, 140.)

Sec. 13, art. 5, of the constitution directs the legislature to provide a proper system of appeals. Pursuant thereto it has enacted sec. 8043, Rev. Codes, which is as follows:

"An appeal may be taken by the state:

"1. From a judgment for the defendant on a demurrer to the indictment or information;

"2. From an order granting a new trial;

"3. From an order arresting judgment;

"4. From an order made after judgment, affecting the substantial rights of the prosecution;

"5. From any ruling of the trial judge during the course of the trial on the receipt or rejecting of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

By reading the notice of appeal in this case, in the light of the provisions of the section above quoted, it will at once appear the legislature has not provided for an appeal, by the state, from any of the orders of the trial court here sought to be reviewed. No stretch of the imagination can make any part of the section, except, possibly, the fourth subdivision thereof, applicable to the matter here under consideration.

Even though we may construe the order sustaining the plea of once in jeopardy, and discharging respondent and exonerating his bail to be such a judgment as is contemplated by that statutory provision, which is doubtful, the action of the court, subsequent thereto, overruling appellant's motion to vacate that order, and to correct the record, are not appealable. (*People v. Walker,* 6 Cal. Unrep. 472, 61 Pac. 800.) To hold that the state may appeal from orders denying such motions is to permit it to create for itself, by making the motions, the right to appeal, in effect, from a judgment or order that a defendant has been once in jeopardy, which right the legislature has studiously avoided conferring upon it.

Applying the rule heretofore quoted from Cyc., to the effect that the state's right to appeal, in criminal cases, must

be expressly conferred by statute in the plainest and most unequivocal terms, it is manifest that the action of the trial court, sought to be reviewed, is final; that this court has no jurisdiction of the controversy, and that the appeal must be dismissed. It is so ordered.

Budge, C. J., concurs in the conclusion reached.

Rice, J., concurs.