433 P.2d 126

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Milton H. BRINTON, Defendant-Respondent.**

**No. 10008.**

Supreme Court of Idaho.

Oct. 31, 1967.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellant.

W. C. MacGregor, Jr., Grangeville, for appellee.

SPEAR, Justice.

Defendant Brinton was charged by information with the crime of involuntary manslaughter under I.C. § 18–4006. The pertinent portion of the information alleges the crime was committed as follows:

"That on or about the 5th day of October, 1965, at or near Ghost Mountain in the said County of Idaho, State of Idaho, he, the said Milton H. Brinton, then and there being, did then and there knowingly, willfully and unlawfully and feloniously, without malice, carelessly, heedlessly, with an unlawful and reckless disregard of the rights and safety of others in a manner so as to endanger the rights and safety of others and without due caution and circumspection by him then and there exercised in the handling, firing and discharging of a certain Winchester, Model 70, .30–06 Caliber rifle, which was then and there loaded with powder and ball and then and there by him held in his hands and then and there carelessly, heedlessly, unlawfully, negligently, recklessly and dangerously use, fire and discharge the ball from such rifle at William Clyde McMahon, which ball entered the body of William Clyde McMahon, thereby mortal-

ly wounding him; from the effects of which wound the said William Clyde McMahon did die on the 5th day of October, 1965, in the County of Idaho, State of Idaho, and thus the said defendant, Milton H. Brinton, did in the manner and form aforesaid unlawfully and feloniously, but without malice kill the said William Clyde McMahon, a human being, and commit the crime of Involuntary Manslaughter."

Respondent demurred to the information, moved to dismiss the action, and later moved to quash and set aside the information. In his motion to quash, respondent alleged, among other grounds, that I.C. § 18–4006 is unconstitutional in that it is so vague and uncertain as to deny a defendant prosecuted thereunder due process of law and equal protection of the law.

The district court entered an order sustaining the demurrer, motion to dismiss, and motion to quash and set aside the information. In sustaining respondent's motions the trial judge found that the statute defining involuntary manslaughter, to-wit, I.C. § 18–4006, "is unconstitutional and void for uncertainty, vagueness and indefiniteness, in that said statute does not adequately define the crime of manslaughter in language required under past decisions of the Supreme Court of the State of Idaho and of the rights granted to a defendant by the Constitution of the State of Idaho and the Constitution of the United States of America." The State appealed from this order and judgment of dismissal.

Two issues are presented for consideration on this appeal: (1) Respondent contends that I.C. § 19–2804 does not give the State the right of appeal from an order granting a motion to quash and set aside an information. (2) Appellant contends that the district court erred in holding I.C. § 18–4006 unconstitutional.

I. Respondent relies on State v. Grady, 31 Idaho 272, 170 P. 85 (1918) which holds that "The right to appeal in this state, is conferred by legislative authority, and if it exists it must be found in the Constitution

or statutes," citing Evans State Bank v. Skeen, 30 Idaho 703, 167 P. 1165 (1917). He contends that since the legislature did not specifically provide for an appeal from an order granting a motion to quash and set aside an information in criminal actions, the state is hereby precluded from appealing the lower court's order; hence, this court has no jurisdiction to determine the constitutionality of I.C. § 18–4006 on this appeal.

I.C. § 19–2804 provides in pertinent part:

"An appeal may be taken by the state:

(1) From a judgment for the defendant *on a demurrer* to the indictment or information." (emphasis supplied)

This statute must, however, be read in conjunction with I.C. § 19–1701, which provides:

"The *only pleading* on the part of the defendant is either a demurrer or a plea." (emphasis supplied)

■ Thus I.C. § 19–1701 permits a criminal defendant to enter only one of two possible pleadings, namely, a demurrer or a plea. A lower court may entertain a pleading such as a motion to quash and set aside the information, but under this statute it must be considered a demurrer. Were a contrary result to obtain, defense counsel in criminal cases could effectively preclude this court from appellate review by merely changing the title of his pleading from a demurrer to a motion to quash. The legislative intent evidenced by I.C. §§ 19–1701 and 19–2804 does not envision such a procedure to thwart supreme court review.

II. The district court's order and judgment of dismissal did not limit the scope or effect of its pronouncement to any specific provision of the statute defining involuntary manslaughter, but found I.C. § 18–4006 void in its entirety.

From the facts alleged in the information, it is obvious that only the following portion of I.C. § 18–4006 is pertinent to this appeal:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

(1) Voluntary  *  *  *.

(2) Involuntary  *  *  * or in the operation of any firearm or deadly weapon in a reckless, careless or negligent manner which produces death;  *  *  *."

This court is called upon to determine whether that portion of the manslaughter statute is reasonably definite and certain in defining a criminal offense.

At the outset, it is significant to note that this is the second time within a relatively short period this court has had occasion to consider the provisions of I.C. § 18–4006 defining involuntary manslaughter. In State v. Long, 91 Idaho 436, 423 P. 2d 858, decided on February 13, 1967, only five week after the district court's order in this case, we upheld the constitutionality of that portion of the statute dealing with the operation of a motor vehicle.[1]

State v. Long, supra, contains a full account of the history and development of I.C. § 18–4006. We there discussed the cases of State v. McMahan, 57 Idaho 240, 65 P.2d 156 (1937), and State v. Hintz,

---

1. A portion of this section provides as follows:

"2.   Involuntary—*   *   *:   or in the operation of a motor vehicle:

(a) In the commission of an unlawful act, not amounting to a felony, with gross negligence; or,

(b) In the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence; or,

(c) In the commission of an unlawful act, not amounting to a felony, without gross negligence; or,

(d) In the commission of a lawful act, which might produce death, in an unlawful manner, but without gross negligence.

"Provided, this provision relating to operation of a motor vehicle shall not be construed as making any homicide in the driving of a vehicle punishable as involuntary manslaughter which is not a proximate result of the commission of an unlawful act, not amounting to a felony, or of the commission of a lawful act which might produce death in an unlawful manner."

61 Idaho 411, 102 P.2d 639 (1940), which hold that those portions of the involuntary manslaughter statute referring to "negligence" must be construed in conjunction with the provisions of I.C. § 18–114. This section reads:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

In State v. McMahan, supra, this court stated in 57 Idaho at pages 257–258, 65 P.2d at page 163:

"The legislature did not intend every act done negligently, resulting in what would have been a crime if done intentionally, to be criminal because of the negligence, but intended only to constitute such acts criminal in the event such negligence amounted to the degree contemplated by section 17–114 [now I.C. § 18–114]. If it had been the intent of the legislature to make an act criminal, because of want of ordinary care on the part of its perpetrator, the word 'negligence' would have been used in section 17–114, and the word 'criminal' would have been omitted therefrom."

And in that same opinion this court further declared:

"The term 'criminal negligence,' as used in that section [now I.C. § 18–114], does not mean merely the failure to exercise ordinary care, or that degree of care which an ordinarily prudent person would exercise under like circumstances. It means gross negligence. It is such negligence as amounts to a reckless disregard of consequences and of the rights of others." 57 Idaho at 256, 65 P.2d at 162. See also State v. Hintz, supra, 61 Idaho at 418, 102 P.2d 639; State v. Long, supra, 423 P.2d at 861.

State v. Davidson, 78 Idaho 553, 309 P.2d 211 (1957), wherein it was held that the 1953 "negligent homicide" motor vehicle statute (formerly I.C. § 49–1101 but since repealed by Section 1 of S.L.1965, ch. 136, the present I.C. § 18–4006) repealed by implication the 1949 amendment of I.C. § 18–4006, is also pertinent to this appeal. In discussing the language of these two statutes this court held:

"A portion of the 1949 amendment of the involuntary manslaughter statute, I.C., sec. 18–4006, under consideration here, defines the homicide as the unlawful killing of a human being without malice, in the operation of a motor vehicle in a *reckless, careless, or negligent* manner which produces death. The negligent homicide statute, I.C., sec. 49–520.1 [49–1101] defines the homicide therein referred to as the death of any person as a proximate result of an injury received by the driving of any vehicle in *reckless* disregard of the safety of others. * * * (emphasis supplied)

* * * * * *

"Fundamentally, while the two definitions differ in phraseology, they differ but little if any in meaning.

* * * * * *

"The legislature thereby indicated its intention to include the homicide, resulting from the *negligent* operation of a motor vehicle, as an offense included within the purview of, and *of equal grade as,*\* the homicide resulting from the operation of the motor vehicle in *reckless* disregard of the safety of others. For any such negligence must measure up to the statutory definition of *criminal negligence* [I.C. § 18–114] and meet the definitive test of *reckless* disregard of consequences." 78 Idaho at 560, 309 P.2d at 215 (emphasis supplied)

Also see United States v. Henderson, 73 App.D.C. 369, 121 F.2d 75 (1941).

In upholding the constitutionality of I.C. § 18–4006 pertaining to the operation of motor vehicles, we stated in State v. Long, supra:

" * * * this court recognized that a statute couched in general terms prohibiting *some form of criminally negligent misconduct* was sufficient to ap-

\* Indicates italics.

prise operators of motor vehicles of the conduct prohibited." (emphasis supplied) 423 P.2d at 864.

We now so hold with regard to that portion of I.C. § 18–4006 dealing with the operation of any firearm or deadly weapon.

Finally, even if the charging portion of the information be deemed to invoke that provision of I.C. § 18–4006 which provides "or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection," the Long case holds that such language is not unconstitutionally vague. While it deals with the motor vehicle section of the statute, the phraseology of the two provisions are practically the same:

> "The legislature in the [motor vehicle] amendment also employed the identical phrase 'lawful act which might produce death, in an unlawful manner' used in the involuntary manslaughter statute for the crime committed by means other than arising from operation of a motor vehicle, but did not see fit to employ the alternative method of commission of the lawful

act 'without due caution and circumspection.'

> "This court in State v. McMahan, 57 Idaho 240, 65 P.2d 156, held that the phrase 'without due caution and circumspection' meant gross negligence such as amounts to reckless disregard of consequences and the rights of others.

> \* \* \* \* \* \*
> \* \* \* \* \* \*

> "The terms 'unlawful act,' 'gross negligence,' 'lawful act' and 'unlawful manner' are all terms well recognized not only in legal parlance, but in the minds of the average citizen \* \* \*." 423 P.2d at pp. 863–64.

I.C. § 18–4006 meets all the requirements guaranteed by the constitutional provisions of the State of Idaho and the United States.

Judgment of dismissal is reversed and the cause remanded for further proceedings in accordance with this opinion.

TAYLOR, C. J., and SMITH, McQUADE, JJ., and NORRIS, D. J., concur.