551 P.2d 601

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Robert Dalton BLAIR, Defendant-Respondent.**

**No. 11861.**

Supreme Court of Idaho.

June 25, 1976.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Gus Carr Anderson, Pocatello, for defendant-respondent.

PER CURIAM.

The state of Idaho appeals from an order of the district court granting the defendant's motion to dismiss an information charging him with involuntary manslaughter. This court dismisses the appeal as it is not within I.C. § 19–2804, upon which the state based its appeal.

I.C. § 19–2804 [1] provides for an appeal by the state in six situations, but

---

1. I.C. § 19–2804 provides:

"*Appeal by the state.*—An appeal may be taken by the state:

1. From a judgment for the defendant on a demurrer to the indictment or information.

2. From an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecution the use of evidence at trial if the prosecuting attorney and the attorney general certify to the judge who granted such motion that the appeal is taken in good faith, is not taken for the purpose of delay, and that the evidence suppressed constitutes a necessary portion of the state's case to prove the charge pending against the defendant. No such property or evidence shall be returned until the expiration of ten (10) days from and after the date on which the order was entered. An appeal by the state pursuant to this subsection shall stay the return of such property or evidence and shall constitute a bar to the prosecution of the case unless such order is reversed upon appeal. Appeals pursuant to this subsection shall be expedited by the Supreme Court and shall receive priority over all other criminal and civil appeals.

3. From an order granting a new trial.

4. From an order arresting judgment.

5. From an order made after judgment affecting the substantial rights of the prosecution.

6. From any ruling of the trial judge during the course of the trial on the receipt of rejection of testimony, and from any ruling of the trial judge on the giving or refusal to give instructions to the jury."

the only one that could apply to the case at bar is the authority to appeal "[f]rom a judgment for the defendant on a demurrer to the indictment or information." I.C. § 19–2804(1). Although I.C.R. 12(a) abolishes demurrers, this court has held that the state still can appeal under I.C. § 19–2804(1) from "orders favorable to the defendant on motions to dismiss which raise defenses and objections which were formerly grounds for demurrer." *State v. Jennings,* 95 Idaho 724, 727, 518 P.2d 1186, 1189 (1974). *See also State v. Brinton,* 91 Idaho 856, 433 P.2d 126 (1967). I.C. § 19–1703 [2] sets forth the five grounds for demurrer, all of which are predicated upon the requirement that an infirmity appear "upon the face" on the indictment or information. However, the defendant in the case at bar based his motion to dismiss the information on the ground that the evidence at the preliminary hearing was insufficient for a finding of probable cause. Before the abolition of demurrers by the adoption of the Idaho Criminal Rules, a demurrer was not the proper method to challenge the sufficiency of the evidence at a preliminary hearing. *State v. Jennings, supra.* Therefore, a motion to dismiss an information, grounded on the insufficiency of the evidence at a preliminary hearing, does not raise a defense or objection that formerly was a ground for a demurrer. Although this court may exercise its plenary power of review pursuant to Idaho Const. Art. V, § 9, *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975), we decline to do so in this case. *State v. Berlin,* 95 Idaho 225, 506 P.2d 122 (1973); *State v. Maddock,* 97 Idaho 610, 549 P.2d 269 (1976).

The appeal is dismissed.

2. I.C. § 19–1703 provides:

"*Ground for demurrer.*—The defendant may demur to the indictment when it appears upon the face thereof, either:

1. That the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its not being within the legal jurisdiction of the county.

2. That it does not substantially conform to the requirements of sections 19–1409, 19–1410 and 19–1411.

3. That more than one offense is charged in the indictment [but see I.C. § 19–1432].

4. That the facts stated do not constitute a public offense.

5. That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."