585 P.2d 959

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Arnold Edward GUMM,
Defendant-Respondent.**

No. 12446.

Supreme Court of Idaho.

Oct. 23, 1978.

Arthur J. Berry, III, Asst. Atty. Gen., Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., H. Thomas Vanderford, Asst. Atty. Gen., Boise, for plaintiff-appellant.

Ronald Schilling, Moscow, for defendant-respondent.

DONALDSON, Justice.

The state appeals three district court decisions at trial which led to an order dismissing a grand larceny prosecution against the defendant. As established by the record, the facts are as follows.

Avery Brewer owns a cabin at O'Mill, Idaho. On August 10, 1976, Brewer inspected this cabin subsequent to a tenant vacating it. Brewer noticed nothing missing at that time. The next day Brewer returned and found that the place had been burglarized. Brewer reported this to the County Sheriff who began an investigation. Pursuant to some leads, Deputy Raleston filed an affidavit for and obtained a search warrant to search the residence of the defendant, Arnold Gumm, for specifically named items alleged to have been taken from the Brewer cabin. In executing the search warrant, the Sheriff seized several items matching the description in the warrant.

A criminal complaint was filed against the defendant on August 13, 1976. The complaint recited the facts of larceny but

then charged the defendant with burglary. That same day the complaint was amended to charge Gumm, the defendant, with grand larceny. Ten days later on August 23, 1976 the second amended complaint was filed, again charging the defendant with grand larceny. That day, a preliminary hearing was held on the second amended complaint, and the defendant was bound over for trial. An information was filed on August 26, 1976 charging the defendant with grand larceny.

Trial began on November 22, 1976, during which the state amended the information by adding another witness. During the direct examination of Brewer (the owner of the cabin), the state sought to question him about the specific items of property that were missing. The defendant objected to specific testimony concerning any items not listed in the information, and the judge sustained the objection. The prosecutor then moved to amend the information.

The judge, noting that the information was not in conformance with the Idaho Code (specifically I.C. § 19–1411), denied the motion to amend, finding that such amendment would be prejudicial to the defendant. The defendant then moved to dismiss the case. The court granted this motion and dismissed the jury.

I

The state filed this appeal on November 30, 1976. Thus, I.C. § 19–2804, in effect until July 1, 1977, provided for the appealability of the court's ruling excluding certain testimony and the court's granting the defendant's motion to dismiss.[1]

II

Idaho Code § 19–2804 provides no authority for the state to appeal the trial judge's denial of its motion to amend. But because we hold that the lower court's granting of defendant's motion to dismiss is appealable under I.C. § 19–2804(1) and be-

cause the denial of the motion to amend led to the granting of the motion to dismiss, we review the denial of the motion to amend in an exercise of this court's plenary power. Idaho Const., art. 5, § 9; *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975).

Informations must be specific in their content for two reasons: first, so that the accused has a means to prepare a proper defense and secondly so that a defendant can protect himself against subsequent prosecution based on the commission of the same act. *State v. McKeehan,* 91 Idaho 808, 814, 430 P.2d 886, 892–893 (1967). Not only is this specificity requirement statutory (see I.C. §§ 19–1409 to 19–1411, 19–1418 to 19–1420 inclusive), but it is also rooted deeply in constitutional guarantees. U.S. Const. amend. VI; Idaho Const. art. 1, § 13.

The specificity requirement takes on added meaning where, as here, the state charges a defendant with grand larceny. The information must name or describe the property charged to have been stolen. *State v. Elmore,* 126 Mont. 232, 247 P.2d 488 (1952); *State v. Rogers,* 2 Ariz.App. 232, 407 P.2d 773 (1965). The information here in question charged Gumm with:

> wilfully, knowingly, intentionally, unlawfully, feloniously and without due cause or justification take, steal or carry away the personal property of another, to wit: that the said Arnold Edward Gumm did take, steal and carry away the personal property of one Avery Brewer from a house owned by the said Avery Brewer at O'Mill, said property having a value in excess of One Hundred Fifty Dollars ($150.00) lawful money of the United States, and said property being taken with the intent to permanently deprive the owner of said property's possession.

Because this charging language does not specifically list the property Gumm was charged with taking, it fails to meet the statutory and constitutional requirements of specificity.

---

1. Because of our holdings with respect to the trial court's orders denying the motion to amend and its order granting the motion to dismiss, we think it unnecessary to consider the propriety of the trial court's exclusion of specific testimony concerning items not listed in the information.

■ Since the information was defective, the next question to consider is whether the trial court should have allowed the prosecution to amend the information to include the specific property alleged to have been taken. I.C.R. 7(d) allows amendments to informations if the "substantial rights of the defendant are not prejudiced." Leave to amend after a plea is taken is given to "the discretion of the court." I.C. § 19–1420. The issue before us then is whether the trial judge abused his discretion in refusing leave to amend this information. We hold that he did.

When the trial judge denied the state's motion to amend he stated:

Mr. Calhoun, let me say in my judgment since Mr. Schilling argues now that in effect he wouldn't even be ready to go if you amend and you could certainly understand why he could not be ready to go on these facts—when I say ready to go I mean ready now to proceed with this trial if the amendment is permitted, that would, then, be prejudicial to the substantial rights of his client were I to permit the amendment. I don't believe that I should and I will not. I deny your motion at this time. [Tr. p. 60]

There is no question that the information in its unamended form lacked specificity. Such a lack of specificity clearly prejudiced the rights of the defendant. But we cannot see how an amendment which would have cured this defect, would necessarily have prejudiced the substantial right of the defendant to prepare an adequate defense.

■ The reasoning of the trial court was simply that it would be prejudicial to allow an amendment and then force the defendant to defend immediately, without allowing him sufficient time to prepare a defense against the amended information. We agree with that reasoning as far as it goes. But if the trial court reasoned that the amendment would prejudice the defendant such that he would not be able to proceed adequately with the trial without delay, then the court should have granted a continuance or a mistrial under I.C.R. 29.1(c) if requested by the defendant rather than deny the motion to amend and then dismiss the case.

■ Defendant cannot legitimately contend that he was surprised to his substantial prejudice by the absence in the information of specific descriptions of the property which he had allegedly stolen. Defendant undoubtedly knew what articles the information referred to. The Clearwater County Sheriff's Department had seized those articles from the defendant pursuant to a valid search warrant. Idaho Code § 19–4413 requires an officer to give a receipt for the property (specified in detail) which the officer seized under a search warrant to the person from whom it was taken or in whose possession it was found or in the absence of a person present, at the place where the officer found the property. Further, I.C. § 19–4416 requires the presiding magistrate, upon the sheriff's return of the warrant, to deliver a copy of the inventory of property seized to the person from whose possession the property was taken. In the colloquy at trial, the prosecutor called the court's attention to the fact that Mr. Gumm had been given a receipt for all items of property taken from him at the time they were taken. In addition the prosecutor noted that, as part of discovery prior to trial, he provided defense counsel with a list of the property taken from the Brewer cabin and a list of the property recovered from Mr. Gumm.

### III

■ It follows from the above discussion that the trial judge should not have granted defendant's subsequent motion to dismiss. We review this trial court decision under I.C. § 19–2804(1) which allows the state to appeal "[f]rom a judgment for the defendant on a demurrer to the indictment." [2]

Although I.C.R. 12(a) abolishes demurrers, this Court has held that the state can

---

2. We cannot consider the motion to dismiss in this case to be a motion for acquittal. In *United States v. Scott*, —— U.S. ——, 98 S.Ct. 2187,

2196, 57 L.Ed.2d 65 (1978), the United States Supreme Court stated that "a defendant is acquitted only when 'the ruling of the judge,

still appeal under I.C. § 19–2804(1) from motions to dismiss which raise defenses and objections which were formerly grounds for demurrer. *State v. Jennings,* 95 Idaho 724, 727, 518 P.2d 1186, 1189 (1974); *State v. Blair,* 97 Idaho 646, 647, 551 P.2d 601 (1976). Idaho Code § 19–1703 provides in part that "the defendant may demur to the indictment when it appears upon the face thereof . . . that it does not substantially conform to the requirements of § . . . 19–1411." Idaho Code § 19–1411 mandates that an indictment or information be "direct and certain as it regards . . . the particular circumstances of the offense charged, when they are necessary to constitute a complete offense." Because of the lack of specificity in the information before us, we find that the motion to dismiss raises an objection which was formerly a ground for demurrer under I.C. § 19–1703. Thus the state may appeal the trial court's granting of the motion to dismiss.

Based on our analysis of the trial court's denial of the motion to amend, we hold that it was error for the trial court to grant defendant's motion to dismiss. Judgment reversed and remanded for further proceedings.[3]

McFADDEN, BAKES and BISTLINE, JJ., concur.

SHEPARD, C. J., dissents without opinion.

---

whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' " *Citing United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). In granting defendant's motion to dismiss in the case now before us the trial judge stated: "Because of the situation that you find yourself in, Mr. Calhoun, I am sure you resist that motion but there would be little that you could do in the way of presenting proof to support the information so I will grant that motion." Tr. p. 61. This language makes it apparent that the court dismissed the case because of the lack of specificity in the indictment, that is, it did not conform to the requirements of I.C. § 19–1411. This language in no way represents a resolution of any factual element in the offense charged.

3. The double jeopardy clauses of the fifth amendment to the United States Constitution and art. 1, § 13 of the Idaho Constitution do not

---

BISTLINE, Justice, concurring.

I concur in reversing and remanding, but I do not agree that the trial court was justified in excluding testimony which was offered to prove the identity of the items of personal property allegedly taken, or that objections to the information were not waived.

If defendant were not charged with any offense, I.C.R. 12(b)(2) provides that such objection can be raised at any time. The courts are wholly without jurisdiction to proceed against a person who is not charged with a public offense. However, as the majority notes, and correctly so, the defendant was being prosecuted for grand larceny, which in Idaho is a criminal offense.

Since an offense *was* charged, if additional specificity was desired, it was available to defendant under the provisions of the Idaho Criminal Rules. Any objection to the prosecutor's failure in not listing in detail the items allegedly taken was waived by not being raised prior to trial. I.C.R. 12(b)(2). In *State v. Segovia,* 93 Idaho 594, 599, 468 P.2d 660, 665 (1970), the Court held:

> Appellant, by an assignment of error, also contends that the information fails to meet the requirements of I.C. §§ 19–1409 and 19–1411. I.C. § 19–1409 re-

---

bar further proceedings here. As the United States Supreme Court recently stated in *Swisher v. Brady,* 438 U.S. 204 at 218, 98 S.Ct. 2699, 2708, 57 L.Ed.2d 705 (1978):

"[I]t is not all proceedings requiring the making of supplemental findings that are barred by the Double Jeopardy Clause but only those that follow a previous trial ending in an acquittal, in a conviction either not reversed on appeal or reversed because of insufficient evidence, see *Burks v. U. S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), or in a mistrial ruling not prompted by 'manifest necessity,' see *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)."

Further, reversal for trial error "does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to guilt or innocence of the defendant." *Burks v. U. S., supra,* 437 U.S. at 15, 98 S.Ct. at 2149.

quires that an information must contain a statement of "the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Under I.C. § 19–1703, the failure of an information to conform to the requirements of I.C. §§ 19–1409 and 19–1411 is a ground for a demurrer, and under I.C. § 19–1711, the sufficiency of an information must be challenged in this manner. Failure to demur constitutes a waiver of any objection to the information on these grounds. . . . The record fails to disclose any demurrer to the information, and therefore, this assignment of error is without merit.[1]

In *State v. Pruett,* 91 Idaho 537, 543, 428 P.2d 43, 49 (1967), the Court held:

> Procedural rules applicable in district court clearly distinguish the objection an indictment (complaint) does not state facts sufficient to constitute a public offense from the objection an indictment (complaint) does not fully apprise the defendant of the particular conduct which constituted the offense for which he was charged. This latter objection must be raised by demurrer *before trial* or it is waived. The objection cannot be raised by motion in arrest of judgment after trial as was attempted in the case at bar under the guise of an objection that the complaint did not state a public offense. I.C. §§ 19–1711, 19–1703, 19–1409–1411. The complaint adequately states a public offense; objection, therefore, must have been taken by demurrer. It was not so raised in the trial court. (Emphasis in original).

The majority notes two reasons for requiring a specific information. The first is to enable the defendant to adequately prepare his defense. Yet the majority states that "[d]efendant cannot legitimately contend that he was surprised to his substantial prejudice by the absence in the information of specific descriptions of the prop-

erty which he had allegedly stolen [or, presumably, by Brewer's testimony on the stolen items]. Defendant undoubtedly knew what articles the information referred to."

While it is true that the information alleged only that personal property was taken which was of a value of over $150.00, it is equally true, as the majority notes, that the individual items were identified on a search warrant, again identified in discovery proceedings, and listed again in the transcript of the preliminary hearing. The defendant was clearly apprised of the statute he had allegedly violated and that he was charged with having taken over $150.00 worth of personalty from Avery Brewer's house at O'Mill, Idaho, on or about the 10th day of August, 1976. The defendant was also well advised of the items of property which the prosecution contended that he stole, and the decision not to move for an amendment to the information may have been made on the hope that the failure of the information in that respect might lead to the State's failure to make out a case.

The second reason noted by the majority for demanding specificity is so that a defendant may prevent his subsequent prosecution for the same act. However, any concern that the State might later seek to prosecute the defendant again on a larceny charge involving the same items as here involved is both anticipatory and speculative. Should the State make any such attempt, it must be remembered the district court is a court of record and those records, as the majority opinion points out, amply illustrate that identification of the items of personalty allegedly taken by the defendant is well-documented. Such documentation on the record precludes a second prosecution for the same offense. This has been understood to be the rule in Idaho at least since 1913 when this Court quoted approvingly from the United States Supreme Court case of *Cochran v. United States,* 157 U.S. 286, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895):

---

1. "Although I.C.R. 12(a) abolishes demurrers, this Court has held that the state can appeal under I.C. § 19–2804(1) from motions to dismiss which raise defenses and objections which were formerly grounds for demurrer." *State v. Murphy,* Idaho, 584 P.2d 1236 (1978) (citations omitted).

"But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether *the record* shows with accuracy to what extent he may plead a former acquittal or conviction."

*State v. O'Neil*, 24 Idaho 582, 592, 135 P. 60, 63 (1913) (emphasis supplied).

I.C. § 19–3702 states that departures from the form of pleadings proscribed by code do not make the pleadings invalid unless such departure tends to prejudice a defendant. Since defendant is unable to show prejudice here, I would hold the information sufficient and the testimony admissible.

The majority feels it is unnecessary to discuss the issue of the excluded testimony, but exercises its plenary power to decide the issue of whether leave to amend should have been granted. I submit that if the denial of leave to amend led to the granting of the motion to dismiss, the exclusion of the testimony led to both, and hence it is the underlying ruling the Court should pass upon. Since the testimony should have been admitted, the issues decided by the majority become unnecessary; under I.C. § 19–2804(6) the State was entitled to appeal the exclusion of the evidence.

For the above reasons, I concur in the result.

McFADDEN, J., concurs.