**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42941**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 41 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 23, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANA GISELLE HERREMAN-GARCIA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Deborah A. Whipple, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth Jorgensen argued.

---

HUSKEY, Judge

Ana Giselle Herreman-Garcia appeals from her judgment of conviction for grand theft and forgery. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Herreman-Garcia worked in the office of a landscaping company and managed many of the financial functions of the business including processing payroll, paying vendors, and recording payments of invoices. Herreman-Garcia's employer reported to authorities that Herreman-Garcia had used a company debit card to withdraw cash and make unauthorized purchases, issued herself extra paychecks, and altered checks issued to the company from customers. Herreman-Garcia was charged with grand theft, Idaho Code

1

§§ 18-2403(1), -2407(1)(b), -2409, and forgery, I.C. § 18-3601.[1]  The information provided the following:

COUNT I

        That the Defendant, ANA GISELLE HERREMAN GARCIA, on or between the 9th day of March, 2009 and the 31st day of October, 2011, in the County of Ada, State of Idaho, did wrongfully take cash of a value in excess of One Thousand Dollars ($1,000.00) lawful money of the United States from the owner, [the landscaping company], with the intent to appropriate to herself certain property of another.

COUNT II

        That the Defendant, ANA GISELLE HERREMAN GARCIA, on or between the 8th day August, 2010 and the 3rd day of November, 2010, in the County of Ada, State of Idaho, did, falsely and with the intent to defraud another, forge a certain written instrument, to wit:  check #5008 on the account of [customer 1] payable to [the landscaping company] in the amount of $652.01, and/or check #581 on the account of [customer 2] payable to [the landscaping company] in the amount of $1,375.00, by adding Ana Garcia to the 'Pay to the Order of' section of the check.

At the preliminary hearing, after evidence was introduced by the State and the court determined there was sufficient evidence to bind Herreman-Garcia over to the district court on charges of forgery and grand theft, Herreman-Garcia's defense counsel sought clarification from the magistrate.  The following exchange took place:

Defense Counsel:  Just so I'm clear, Your Honor, so the Count I and the Count II are concerning the two checks, the 5008 and the 581; is that correct?

Magistrate:  No, I did not understand that that was the State's evidence, that that was solely related--Count I was solely related to the checks.  My understanding is that Count I included the allegation of use of the card.

Defense Counsel:  Okay.

Magistrate:  And money taken out of the ATM as well as unauthorized purchases. My understanding was that encompassed all of that.

Defense Counsel:  Okay.  And then--

Magistrate:  And I find the evidence supports that.

Defense Counsel:  Okay.  For the two checks and the ATMs, and then the--in Count II, same thing.

---

[1]     Herreman-Garcia was also charged with criminal possession of a financial transaction card, I.C. §§ 18-3125, -3128, which was dismissed prior to trial.

Magistrate: I believe, if I'm correct, that the State is alleging under Count II just simply the forgery, and under Count I, the entire theft, including all of the allegations that have been made with respect to the cashing of the checks, taking of money from the ATMs and the unauthorized purchases on the debit cards.

Defense Counsel: Okay.

Magistrate: Is that correct, [prosecuting attorney]?

Prosecuting Attorney: That's correct, Your Honor.

Defense Counsel: Okay. I wanted to make sure of that. Thank you, Your Honor.

At trial, the State introduced evidence that Herreman-Garcia issued herself duplicate payroll checks. Herreman-Garcia objected, arguing the payroll checks were not relevant because theft by payroll check was a crime different than the charged crime--theft by taking cash. Counsel also asserted: (1) he did not have an opportunity to question witnesses about the payroll checks at the preliminary hearing;[2] (2) based upon the magistrate's statements at the preliminary hearing, he believed the State would not be presenting different or additional evidence at trial; and (3) because of that belief, he did not prepare a defense to any allegations of theft other than

---

[2]    Herreman-Garcia's counsel argued at trial that he had no notice that payroll records might be used at trial to prove grand theft. In addition, counsel argued that he did not have an opportunity to "vet" the issue at the preliminary hearing. Counsel's claim is disproven by the record. At the preliminary hearing, while generally discussing checks provided to the police department, Herreman-Garcia's counsel was cross-examining a witness when the following exchange took place:
   Q. Okay. Have you carefully reviewed each of the checks in this case?
   A. Yes. I have reviewed them.
   Q. Okay. And are you alleging that there is fraudulent activity on these checks?
   A. Yes.
   Q. Other than the fraudulent activity that you were alleging against Ms. Herreman, are you aware of any other problems with these checks?
   A. The checks that have been presented so far, or are you referring to other checks?
   Q. Just any of the checks that you provided to the police.
   A. I gave them more checks. There are payroll checks. There is double payroll checks in 2010.
   Q. Okay. You are saying Ms. Herreman did that?
   A. Yes.
   Q. Okay. Are you aware of any other fraudulent activity related to any of the checks that you have provided to the police?
Despite defense counsel's claim, it does not appear he was denied the opportunity to "vet" the issue of the duplicate checks; he simply did not do so.

theft by unauthorized use of the financial transaction card. The district court overruled Herreman-Garcia's objection. Herreman-Garcia appeals.

## II.

## ANALYSIS

### A. Issues

As a preliminary matter, there is a question regarding what issue is properly before this Court. In the district court, Herreman-Garcia asserted the crime of taking money from the ATM and the crime of issuing herself checks were different crimes, and because she was not charged with theft by issuing herself the checks, any evidence regarding that method of theft was irrelevant and thus, inadmissible. Counsel further argued if the evidence was relevant, it was propensity evidence pursuant to Idaho Rule of Evidence 404, for which no notice had been provided. Finally, counsel argued even if the evidence was relevant, it was unduly prejudicial pursuant to I.R.E. 403 because introducing evidence of the checks was alleging a different method of theft and was a "complete change of the charge" for which trial counsel had not prepared a defense.

On appeal, in her opening brief, Herreman-Garcia argued she was deprived of due process in two ways: first, the information failed to provide sufficient notice of the theft charge because it did not allege the means by which Herreman-Garcia committed the theft, thereby depriving her of her ability to prepare a defense. Second, she asserted the purported denial of due process based on the lack of specificity in the information was further compounded by the statements made at the preliminary hearing. Trial counsel believed those statements meant the State would be limiting its presentation of evidence on the theft charge to evidence of theft by unauthorized use of the debit card, not theft by issuing unauthorized payroll checks.

At oral argument, Herreman-Garcia conceded the information met the statutory notice requirements of the charges she faced. However, she asserted the State was either required to articulate in the information the specific methods, means, or acts by which Herreman-Garcia committed theft or was limited to proving the grand theft charge by the method or means alleged at the preliminary hearing. Either of these options, she argues, would cure the purported factual insufficiency of the information. The State argued neither the issues raised in the briefing nor the oral argument have been preserved for appeal. We conclude the issue of the factual

4

deficiency of the information has not been preserved for review. However, the issue of whether the State could present evidence of a different method of grand theft than the method alleged at the preliminary hearing has been sufficiently preserved for appellate review.

**B.     Payroll Records**

Herreman-Garcia alleged she did not have sufficient notice that evidence of payroll records would be used against her at trial. Herreman-Garcia alleges the information failed to satisfy due process notice requirements because it did not allege the means by which the theft occurred, and the only way to cure that deficiency was to limit the State to the evidence presented at the preliminary hearing.

A legally sufficient information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. I.C. §§ 19-1303, 19-1409 to 19-1412, and 19-1414 to 19-1418; I.C.R. 7(b); *State v. Darbin*, 109 Idaho 516, 519, 708 P.2d 921, 924 (Ct. App. 1985). The sufficiency of an information ultimately depends on whether it fulfills the basic functions of the pleading instrument. *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985). The sufficiency of an information is tested by a functional analysis encompassing two inquiries: (1) whether the pleading contains the elements of the offense charged and fairly informs the defendant of the charge which must be defended against; and (2) whether the information enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). An information must be specific enough to advise a defendant as to the particular section of the statute he or she is being charged with having violated and, in addition, must set forth a concise statement of the facts constituting the alleged offense sufficient that the particular offense may be identified with certainty as to time, place, and persons involved. *State v. Grady*, 89 Idaho 204, 211, 404 P.2d 347, 351 (1965). Further, I.C. § 18-2409(1) provides what constitutes a sufficient information in charging acts of theft. That section provides:

> (1)     . . . [A]n indictment, information or complaint for theft is sufficient if it alleges that the defendant stole property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which such property was stolen or the particular theory of theft involved.

5

Citing I.C. § 18-2409(1), the State argued the information regarding Herreman-Garcia was sufficient because it alleged Herreman-Garcia took property of the value required for the commission of the crime charged, and the State was not required to designate the particular way or manner in which property was taken. As previously stated, Herreman-Garcia conceded at oral argument that the State's information satisfied the minimum requirement set out in I.C. § 18-2409(1).

Despite her concession, Herreman-Garcia argued the State was required to allege the specific method or means of the grand theft because even if the information met statutory requirements, it did not meet due process requirements. Herreman-Garcia cited *State v. Owen*, 129 Idaho 920, 935 P.2d 183 (Ct. App. 1997) in support of her position. In that case, Owen was charged with multiple counts of grand theft, and none of the charging documents alleged the method or means by which the grand theft was accomplished. *Id*. at 927, 935 P.2d 190. We held that although the State had not alleged the means or methods by which Owen had accomplished the theft, she suffered no prejudice, reasoning:

> Our Supreme Court has held that a defendant cannot legitimately claim surprise "to his substantial prejudice" by the absence in the information of specific details relating to an offense where those details are already known to the defendant or provided to the defendant by a means other than through the language in the information.

*Id.* We further noted Owen received notice of the details of the crimes by way of the preliminary hearing, thus curing any purported deficiencies in the charging documents. *Id.*

The holding in *Owen* is based, in part, on *State v. Gumm*, 99 Idaho 549, 585 P.2d 959 (1978). In that case, Gumm was charged with theft, but the charging language did not specifically list the property Gumm was charged with taking, and so the court found the charging document did not meet the statutory and constitutional requirements of specificity. *Id.* at 551, 585 P.2d at 961. However, the Court went on to hold that Gumm could not legitimately claim prejudicial surprise based on the lack of specificity because Gumm knew what the alleged stolen property was. The Court noted the property had been seized from Gumm's residence, Gumm had been given a receipt for the property, and the discovery provided listed all the documents. *Id.* at 552, 585 P.2d 962.

6

In this case, Herreman-Garcia knew she had been charged with taking cash from her employer during a specific period of time. She knew her employer alleged she had fraudulently used a debit card, issued herself additional payroll checks, and engaged in forgery because those allegations were in the police reports, and those reports and additional information were provided in discovery. In addition, Herreman-Garcia had details of the alleged theft by way of the preliminary hearing. At the preliminary hearing, trial counsel elicited testimony that Herreman-Garcia fraudulently issued herself payroll checks. Although the State chose to present other methods of completing the theft at the preliminary hearing, where evidence of this additional, alternative method was presented and Herreman-Garcia had the opportunity to address it, there was no unfair surprise to Herreman-Garcia when additional evidence of that same method--issuing herself payroll checks--was presented at trial.

Nonetheless, Herreman-Garcia relied on one statement from the magistrate and/or the State as the basis to argue the State was limited at trial to presenting only the evidence adduced at the preliminary hearing. After defense counsel sought clarification regarding the charges, the magistrate explained:

> I believe, if I'm correct, that the State is alleging under Count II just simply the forgery, and under Count I, the entire theft, including all of the allegations that have been made with respect to the cashing of the checks, taking of money from the ATMs and the unauthorized purchases on the debit cards.

The prosecuting attorney stated, "That's correct, Your Honor." Herreman-Garcia was bound over to district court on Count I--an allegation of grand theft by taking cash from her employer during a specific time period. Because Herreman-Garcia was bound over on the "entire theft," there is no reasonable basis for trial counsel to claim he was not aware that evidence regarding the payroll checks might be admitted at trial.

It may be true that trial counsel was surprised by the presentation of the payroll evidence. However, the surprise may have had as much to do with counsel's mistaken belief the payroll checks did not constitute cash, as with his misunderstanding about what evidence could be presented at trial. Regardless, because the evidence was listed in police reports, was provided in discovery, and was addressed at the preliminary hearing, we cannot find that Herreman-Garcia did not have sufficient notice of the charge against her to prepare a defense to the allegation of taking cash from her employer. Accordingly, we affirm the district court's decision on this issue.

7

**C.    Jury Instruction**

Herreman-Garcia also argued the district court erred in failing to provide the jury with a unanimity jury instruction. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Herreman-Garcia argued that, because the State presented evidence of more than fifty discrete acts of both petit theft and grand theft, the district court was required to instruct the jury that it was to come to a unanimous agreement on whether Herreman-Garcia was guilty of each individual allegation of theft. Where there is trial evidence of more than one act that could constitute the charged crime, a unanimity instruction is used to tell the jury that they must find a defendant guilty beyond a reasonable doubt based on a single agreed-upon incident, thus ensuring the defendant has a unanimous jury verdict. *See Miller v. State*, 135 Idaho 261, 267-68, 16 P.3d 937, 943-44 (Ct. App. 2000). A trial court is required to give a unanimity instruction where there is evidence of more criminal acts than have been charged, regardless of whether the instruction has been requested by the defendant. *See id*.

Idaho law allows the aggregation of values of stolen property where the property is taken as part of a common scheme reflecting a single, continuing, larcenous intent. *State v. Morrison*, 143 Idaho 459, 462, 147 P.3d 91, 94 (Ct. App. 2006). Here, as the State alleged at trial, Herreman-Garcia's thefts appear to have been part of a common scheme of stealing from her employer. Accordingly, the State was allowed to aggregate the value of the property taken during the various instances of theft. Thus, the jury was presented with many instances of theft which, when aggregated, constituted grand theft. Because each instance of theft was not charged individually, the district court was not required to instruct the jury on unanimity for each individual instance of theft. Rather, each jury member was only required to find that Herreman-Garcia took property, whether in a discrete act or when aggregated, that had a value of over one thousand dollars, as the district court instructed.[3] Accordingly, Herreman-Garcia has not shown

---

[3]    The district court provided the following instructions to the jury:

8

the district court erred in failing to provide the jury a unanimity jury instruction with regard to each individual instance of theft.

**D.     Objections to Evidence**

At trial, Herreman-Garcia made many objections to evidence presented by the State including payroll checks and records, Herreman-Garcia's unauthorized use of a debit card for transactions other than obtaining currency, bank statements, and financial records.  Herreman-Garcia argued the evidence was not relevant because Herreman-Garcia was charged with grand theft by taking cash, and the evidence presented involved thefts by means other than cash. Black's Law Dictionary provides two definitions of cash:  money or its equivalent; and currency or coins, negotiable checks, and balances in bank accounts.  BLACK'S LAW DICTIONARY 229 (8th ed. 2004).   Because the term cash includes both negotiable checks and balances in bank accounts, we hold that Herreman-Garcia's acts of issuing herself extra paychecks and using a debit card to make unauthorized purchases constitute taking cash.  The transactions were means of taking a portion of the balance of the landscaping company's bank account and thus, Herrera-

---

Instruction No. 7

In order for the defendant to be guilty of Grand Theft as charged in Count I, the State must prove each of the following:
1.       On or between March 9, 2009 and October 31, 2011
2.       in the state of Idaho
3.       the defendant ANA GISELLE HERREMAN GARCIA
4.       wrongfully took cash, lawful money of the United States,
5.       from the owner, A & A Landscape
6.       with the intent to appropriate the property to herself, and
7.       the property exceeded one thousand dollars ($1000) in value.

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty.  If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Instruction No. 9A

When any series of thefts, comprised of individual thefts having a value of one thousand dollars ($1,000) or less, are part of a common scheme or plan, the thefts may be aggregated in one (1) count and the sum of the value of all of the thefts shall be the value considered in determining whether the value exceeds one thousand dollars ($1,000).  Evidence of a common scheme or plan may be direct or circumstantial.

Garcia took cash. Accordingly, the district court did not err in admitting the evidence, finding it relevant to Herreman-Garcia's charge of grand theft by taking cash.

## III.
## CONCLUSION

Herreman-Garcia has not shown the information charging her with grand theft failed to provide sufficient notice the State might introduce payroll records and checks. In addition, Herreman-Garcia has not shown the district court erred in failing to provide a unanimity jury instruction to the jury. Therefore, Herreman-Garcia's judgment of conviction for grand theft and forgery are affirmed.

Chief Judge MELANSON and Judge GUTIERREZ CONCUR.